JOHN J. MCCARTHY, administrator, *vs.* WILLIAM H. WOOD LUMBER COMPANY.

Suffolk. October 22, 1914. — December 31, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Res Judicata. Executor and Administrator.*

The doctrine of *res judicata* is, that the determination on its merits of an issue of law or fact by the judgment of a court of competent jurisdiction constitutes a bar to any further litigation of the same matter by the parties or their privies. It is only a judgment *in rem* or one affecting the status of persons or things that is conclusive as to all the world. By RUGG, C. J.

A judgment obtained by the administrator of the estate of a woman in an action for personal injuries, which was brought by her in her lifetime and which the administrator prosecuted after her death, is not a bar to a penal action by the same administrator of the same estate against the same defendant under R. L. c. 171, § 2, as amended by St. 1907, c. 375, to recover damages for causing by the same injuries the death of the plaintiff's intestate, to be assessed with refer-ence to the degree of the defendant's culpability to the use of the intestate's widow and children or next of kin, there being no identity or privity between the administrator recovering compensation as the representative of the estate of his intestate and the same administrator recovering the penalty for causing death as the representative of the widow and children or next of kin.

St. 1911, c. 31, which permits an executor or administrator as the plaintiff in an action under R. L. c. 171, § 2, as amended by St. 1907, c. 375, to recover for the benefit of the widow and children or next of kin the penalty for causing the death of the plaintiff's testator or intestate, to join a separate count at common law for conscious suffering resulting from the same injury, and provides that any sum so recovered shall be held as assets of the estate of the deceased, does not undertake to unite the two dissimilar causes of action or the two dissimilar capacities in which the executor or administrator represents respectively the estate of the deceased and his widow and children or next of kin.

Rugg, C. J.   This is an action of tort whereby the plaintiff as administrator of the estate of Sarah A. McCarthy seeks to recover damages under R. L. c. 171, § 2, as amended by St. 1907, c. 375, for her death alleged to have been occasioned by the negligence of a servant of the defendant.   An action had been brought by the deceased during her life (which after her death was prosecuted by the plaintiff as her administrator to a judgment in his favor) to recover damages for her conscious suffering flowing from the same injury which caused her death.   The present case is reported under R. L. c. 159, § 27, by a judge of the Superior Court for the determination of the . correctness of rulings of the judge as to answers to interrogatories propounded by the plaintiff to the president of the defendant.   These rulings were in substance that the plaintiff, although the same individual who prosecuted the former action to final judgment, was for the purposes of the law of *res judicata* not the same person in each action.   The question to be decided is whether this ruling was right.

*Res judicata* in its fundamental conception means that an issue of law or fact, once determined on its merits by the judgment of a court of competent jurisdiction, constitutes a bar to any further litigation upon the same matter either by the parties or by their privies.   *Burlen* v. *Shannon,* 99 Mass. 200, 203.   *Sly* v. *Hunt,* 159 Mass. 151, 153.   *Eastman* v. *Cooper,* 15 Pick. 276, 285.   *Sawyer* v. *Woodbury,* 7 Gray, 499, 502.   Bigelow on Estoppel, (6th ed.) 40. It binds third persons, or becomes conclusive as to all the world only when it is a judgment *in rem* or one affecting the status of persons or things.   *Hood* v. *Hood,* 110 Mass. 463.

The damages recovered by the plaintiff in the former action became assets of the estate of the intestate in his hands available for all uses and expenses and distributions to which general assets may be applied.   The damages which may be recovered in the present action will not be assets of the deceased in the hands of the administrator, but under the statute are to go (there being no widow) to the son of the deceased.

The present cause of action is altogether different in kind from that of the earlier action.   It did not arise until after the death of the deceased.   She might have settled the former cause of action during her life or made a contract touching that subject which would have bound her administrator.   But she had no control

over the present cause of action and any attempt on her part to manage it would have been futile. It is a cause of action unknown to the common law and rests wholly upon statute, while the other was an action recognized by the common law. The present action is penal in its nature, damages being not compensatory but assessed solely with reference to the culpability of the defendant, while in the other action damages were recoverable only by way of compensation. The damages sought in the present action are in substance a fine imposed upon one who by negligence causes the death of a human being. The fine, instead of being paid into the treasury of the Commonwealth, is given as a gratuity to the next of kin. *Boott Mills* v. *Boston & Maine Railroad,* 218 Mass. 582 and cases there collected.

The plaintiff contends that, although the two causes of action are different, yet the parties are the same and hence the former judgment is conclusive in this action as to such issues as necessarily were involved or were in issue and actually decided in the determination of the earlier case. *Foye* v. *Patch,* 132 Mass. 105, 110. *Virginia-Carolina Chemical Co.* v. *Kirven,* 215 U. S. 252, 257. Whether this contention is sound or not depends upon the determination of the further question whether the plaintiff in the present action is the same party, in the sense in which that word is used in the statement of the doctrine of *res judicata,* as was the plaintiff in the former action, or is in privity with that plaintiff. The plaintiff in the former case in the strict sense represented the deceased and stood in her shoes. In the present case he does not represent her or her estate. The cause of action does not come to him as a survival from his intestate, but as an obligation springing into existence after her death, which becomes in a sense a trust in his hands to be executed wholly for the benefit of the next of kin, and not at all for the benefit of her estate. The administrator is selected merely as a convenient instrumentality for the collection of the fine which in substance the law imposes for negligently causing the death. It might as well have been recovered by indictment and paid through government officials, as formerly was provided in all our death statutes and as still is permitted as an alternative remedy against railroads and street railways. Or a direct action by the beneficiary might have been allowed, as is now provided by our employers' liability act, to the

widow of an employee who died without conscious suffering. *Gustafsen* v. *Washburn & Moen Manuf. Co.* 153 Mass. 468. In such cases it would be plain that the administrator would have nothing to do, directly or indirectly, with the proceeding for the collection of the penalty and no interest immediate or remote in its result. One principle upon which rests the doctrine of *res judicata* is that there has been a judicial inquiry into the subject matter in which the person to be affected by the judgment has had an opportunity either personally or by representative to be heard fully. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 211. That principle in some instances might be quite incapable of application; as, for instance, in the case at bar if the intestate had prosecuted to final judgment the first case before her death. This appears in reason, therefore, to be a case where the plaintiff in the present action is suing in a different capacity from that in which he prosecuted the earlier action.

The authorities are to the same effect. *Brennan* v. *Standard Oil Co. of New York,* 187 Mass. 376, was a case where there was an attempt to combine in one action a first count for death under this same statute (before the enactment of St. 1911, c. 31, by which such joinder expressly is allowed) and a second count for conscious suffering at common law. It then was said by Chief Justice Knowlton: "In the first [count] the plaintiff acts only as trustee for the next of kin, in the second only as trustee for those interested in the estate. These claims do not accrue to him in the same capacity." See also *Corbett* v. *Boston & Maine Railroad, ante,* 351. It has been held under the federal employers' liability act that there was not identity of parties, in the sense of *res judicata,* between the administrator of the estate of a deceased employee and his widow and children as the sole beneficiaries under that law. *Troxell* v. *Delaware, Lackawanna & Western Railroad,* 227 U. S. 434, 442. See *American Railroad* v. *Birch,* 224 U. S. 547, and *Winfree* v. *Northern Pacific Railway,* 227 U. S. 296, 302.

The distinction between the same person suing in different rights has been pointed out in numerous cases. In order that there may be any estoppel the person must sue in the same capacity. Although the same individual may be party plaintiff in two actions against the same defendant, if he brings one action in a different

right or in a different capacity from that in which he brings the other, then he is not in truth the same person. He cannot in the one take advantage of nor be bound by a previous judgment or admission in the other. *Leggott* v. *Great Northern Railway,* 1 Q. B. D. 599. *Daly* v. *Dublin, Wicklow, & Wexford Railway,* 30 L. R. Ir. 514. *Frost* v. *Thompson, ante,* 360. See *Bradshaw* v. *Lancashire & Yorkshire Railway,* L. R. 10 C. P. 189, 192. The statement has been often quoted from the notes of the *Duchess of Kingston's Case,* 3 Smith's Lead. Cas. (9th ed.) 2019, that, "A verdict against a man suing in one capacity will not estop him when he sues in another distinct capacity, and, in fact, as a different person in law."

It seems to follow, also, that there is no privity between the plaintiff suing in his two different personalities, one for the benefit of those interested in the estate and the other for the benefit of the next of kin. These two divergent capacities do not come within any of the recognized classifications of privies. They are not privies in estate, as donor and donee, grantor and grantee, and such like relations; nor in blood, as heir and ancestor; nor in representation, as administrator and intestate; nor in law, as by escheat; nor do they hold "mutual or successive relationship to the same rights of property." *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 218. The rights asserted by the plaintiff in his different capacities are diverse in their origin, distinct in the classes of persons entitled to share in their benefits, and susceptible of prosecution in not infrequent instances by persons different in fact. They are as far from being privies as are administrators or executors of the same estate appointed in different jurisdictions. *Low* v. *Bartlett,* 8 Allen, 259. They do not appear to be any nearer to privity than heirs and personal representatives of a deceased. Yet it has been held that there is no privity between them. Marshall, C. J., in *Garnett* v. *Macon,* 6 Call, 308, 337, 338. *Howell* v. *Hughes,* 168 Ala. 460. *Dorr* v. *Stockdale,* 19 Iowa, 269. *Atherton* v. *Hughes,* 249 Ill. 317, 326. *Moss* v. *McCullough,* 5 Hill, 131, 135. *Sergeant* v. *Ewing,* 36 Penn. St. 156. Merely because persons as litigants in two different actions happen to be interested in proving or disproving the same facts is not enough to make them privies. *Duffee* v. *Boston Elevated Railway,* 191 Mass. 563, 564.

Supposititious cases may be put to show that there is no estoppel by judgment.   If the intestate during her life had prosecuted to final judgment the cause of action in which alone she was interested and the decision had been adverse to her, then the plaintiff would represent clearly persons who had no privity with the deceased.   Again, assume that the present plaintiff had died just after an adverse judgment in the first case and before instituting the statutory action for death.   The same situation would exist.   This is clearer still, if it be postulated that the estate of the deceased be insolvent.   Another hypothesis is that neither action had been brought until after the decease of the intestate and the statutory action for death had gone to judgment first and been in favor of the defendant.   The plaintiff hardly could be estopped from prosecuting the action to recover for conscious suffering, for he would represent, among others, creditors of the estate who could not be said by any possibility to have been represented in the other action.   In none of these cases would the judgment adverse to the plaintiff in one action preclude the maintenance of the other.   Yet it is an elementary proposition that estoppels by judgment must be mutual and equally available for the protection of either party.   The result is that the doctrine of *res judicata* does not apply to the facts disclosed on this record.

There is nothing inconsistent with this conclusion in *Flint* v. *Bodge,* 10 Allen, 128, and *Colt* v. *Colt,* 111 U. S. 566.   In the first case it plainly appeared that the only persons whose financial interests could by any possibility have been affected were identical in the two actions, while the latter case presented the not unusual circumstance of executors acting in effect as trustees without having qualified anew as such and binding the estate thereby.

The result is not affected by St. 1911, c. 31.*   That statute simply permits a party plaintiff to join in one action a count for conscious suffering at common law with a count for death under

* St. 1911, c. 31, § 1, is as follows: "In any action brought under the provisions of section two of chapter one hundred and seventy-one of the Revised Laws, as amended by section one of chapter three hundred and seventy-five of the acts of the year nineteen hundred and seven, damages may be recovered, under a separate count at common law, for conscious suffering resulting from the same injury; but any sum so recovered shall be held and disposed of by the executor or administrator as assets of the estate of the deceased."

the statute, thereby mitigating the conditions pointed out in *Brennan* v. *Standard Oil Co. of New York,* 187 Mass. 376. But it does not undertake to assimilate into one, causes of action so essentially unlike as these two have been shown to be, nor to amalgamate into a single legal entity the distinct capacities of an administrator as representative of the estate, and an administrator as solely representative of the next of kin of the deceased.

In accordance with the terms of the report, let the entry be

*Case to stand for further proceedings.*

The case was submitted on briefs.

*W. G. Thompson & G. E. Mears,* for the plaintiff.

*W. B. Sprout & F. B. Kendall,* for the defendant.