## JOHN McALEVEY *vs.* BATES C. LITCH.

Essex.   November 10, 1919. — January 9, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Res Judicata. Practice, Civil,* Parties. *Judgment. Evidence,* Presumptions and burden of proof.

A judgment for the defendant in an action against a corporation for personal injuries caused by negligence of one who was its president, treasurer, manager and one of its directors, is not a bar to an action of tort for the same injuries by the same plaintiff against the officer individually.

Where, in an action against a corporation for personal injuries alleged to have been caused by the negligent operation of a motor vehicle of the corporation by one who was an officer in control of its business, the jury found for the defendant, the facts, that at the trial of such action the officer testified that at the time of the injuries he was in the employ of the corporation and was acting within the scope of his employment, and that no evidence was offered to controvert such testimony, do not prevent the plaintiff from maintaining a later action against the officer individually for the same injuries.

TORT, for personal injuries resulting from the plaintiff being run into by a motor truck operated by the defendant. Writ dated December 1, 1916.

The defendant pleaded in bar, that, before the bringing of this action, the plaintiff brought an action of tort against a corporation, of which the defendant in this action was president, treasurer, manager and a director, to recover damages for the same injuries for which he sought to recover in this action, that in the former action a general verdict was rendered for the defendant and that judgment was entered on the verdict.

In the Superior Court this action was tried before *Morton*, J. Facts material to the plea were agreed upon by the parties and are described in the opinion. It also was agreed that the case should be submitted to the jury on "the issue of negligence, due care and damages." The case was so submitted and the jury reported a disagreement. Thereupon the judge found the facts to be as stated in the agreement of the parties, ordered a verdict for the defendant and reported the case to this court for determination upon the pleadings, agreed facts and the judge's findings

thereon, it being agreed that, if the ruling and the ordering of the verdict were correct, judgment should be entered for the defendant; otherwise that the verdict was to be set aside and the case to stand for further trial.

*P. A. Kiely,* for the plaintiff.

*F. E. Shaw,* for the defendant.

DE COURCY, J.  The plaintiff, while crossing a public highway in Lynn on October 24, 1914, was struck by an auto truck of the Bates C. Litch Construction Company, operated by this defendant, Bates C. Litch.  He sued the corporation to recover for his injuries.  In November, 1916, a verdict for the defendant was returned in that action, and subsequently judgment was entered on the verdict.  In December, 1916, the present action was brought to recover for the same injuries; and the former judgment was pleaded in bar.  The trial judge ordered a verdict for the defendant, and reported the case to this court.

In order that the judgment in the former action should operate in the present case as a bar to the plaintiff's rights, under the doctrine of *res judicata,* it must appear, among other requirements, that the two proceedings are between the same parties or their privies, and that they are for the same cause of action. *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566. Neither of these elements is established by the record before us.  The defendant in the earlier action was the Bates C. Litch Construction Company, a corporation; while the defendant in the present action is Bates C. Litch, an individual.  Even though Litch organized this corporation for the purpose of carrying on his carpenter business, it is a separate legal entity, and cannot be considered as Litch in another form.  *England* v. *Dearborn,* 141 Mass. 590.  See *Old Corner Book Store* v. *Upham,* 194 Mass. 101, 107.  Plainly there is no privity in estate, in representation or in law, between the defendants in the two cases.  *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 218.

Nor are the causes of action identical.  Although the issue of the plaintiff's due care was the same in both cases, and admittedly the only claim of negligence against the defendant corporation was that said Bates C. Litch was negligently operating the truck at the time of the injury, yet the plaintiff could not prevail in the earlier action without proving also that Litch was acting within

the scope of his employment. Unless he sustained this additional issue his action must fail, even though he established in his favor all the issues that are involved in the present proceeding.

The further contention that the plaintiff is estopped from prosecuting this case, even though it is a different claim, because this last mentioned issue was actually litigated and determined against him in the earlier case, is not supported by the record. The agreed facts recite: "It was testified by the defendant in said trial against said corporation that said Litch was in the employ of said corporation and out on its business at the time of the injuries and no evidence to rebut that claim was offered." This does not go far enough. The jury may have disbelieved this testimony. The general verdict does not disclose how the jury found on that question, or on what issues the plaintiff failed. *Burlen* v. *Shannon,* 99 Mass. 200. *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad,* 164 Mass. 222, 226. See *O'Rourke* v. *A-G Co. Inc.* 232 Mass. 129.

In accordance with the report, "the verdict is to be vacated and the case to stand for further trial."

*So ordered.*