STACIA GIEDREWICZ *vs.* FRANCIS X. DONOVAN.

Middlesex.    October 6, 1931. — December 28, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Res Judicata. Agency,* Judgment in favor of principal bar to action against agent.

If it is clearly established, at the trial of an action of tort for personal injuries, either against an employee or against his principal for damages caused by the employee's negligent conduct, that the employee was not negligent, judgment in such action is a bar to a subsequent action by the same plaintiff grounded on the same negligent act of the employee.

In an action of tort for personal injuries sustained by reason of negligent operation of an automobile by the defendant, the answer contained allegations that the plaintiff, in a previous action against a corporation, had alleged that the same injuries were the result of negligence on the part of the corporation's agent in the operation

of the automobile; that the corporation had admitted in the previous action that the present defendant, in operating the automobile at the time of the accident, was its employee acting within the scope of his employment; and that the verdict and judgment in the previous action were for the corporation. A demurrer by the plaintiff to such answer was sustained. *Held*, that

(1) Upon the allegations in the answer, the judgment in the action against the corporation was a bar to the present action; distinguishing *McAlevey* v. *Litch*, 234 Mass. 440;

(2) The demurrer should have been overruled.

TORT. Writ dated November 12, 1927.

The declaration contained allegations that the plaintiff sustained injuries as a result of negligent operation of a motor vehicle by the defendant. Further pleadings are described in the opinion. The plaintiff's demurrer to a portion of the answer was heard in the Superior Court by *Donahue, J.*, who ordered it sustained and reported his ruling for determination by this court.

*L. Powers*, for the defendant.

*J. K. Jerome*, for the plaintiff.

SANDERSON, J. This is an action of tort for personal injuries, brought by a pedestrian against the operator of an automobile. The plaintiff's demurrer to the third and fourth paragraphs of the amended answer was sustained, and at the request of both parties the trial judge, being of opinion that his order on the demurrer ought to be determined by this court before further proceedings in the Superior Court, reported the case upon the declaration, amended answer, demurrer and order sustaining the demurrer.

The third paragraph of the answer alleged that by writ, dated May 16, 1927, the plaintiff brought an action of tort against the New England Telephone and Telegraph Company, in the District Court of the United States for the District of Massachusetts, to recover damages as the result of the same accident, asserting that the telephone company was liable because of negligence of its agent in operating a motor vehicle; that in that action the jury found for the defendant; that before the trial of that case the plaintiff called on the telephone company to admit for the purposes

of that trial certain facts, and that the telephone company admitted that Francis X. Donovan, the defendant in the present case, was an employee of the telephone company acting within the scope of his employment and operating the motor vehicle with which the plaintiff was in collision; wherefore the alleged cause of action against Francis X. Donovan is *res judicata.*

In the fourth paragraph of the answer the allegations of fact above set forth were repeated, and the paragraph concluded with the statement that the two causes of action were substantially identical and that the judgment in the former case against the principal is a bar to the present action against the agent on the ground of public policy.

The general rule is well established that a judgment is a bar to a subsequent action only when the parties or their privies are the same in both actions. *Sprague* v. *Waite,* 19 Pick. 455. *Sturbridge* v. *Franklin,* 160 Mass. 149. *Lunt* v. *Aetna Life Ins. Co. of Hartford,* 261 Mass. 469, 474. In *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566, the court said, at page 567, that the doctrine of *res judicata* is that the determination on its merits of an issue of fact or law "by the judgment of a court of competent jurisdiction, constitutes a bar to any further litigation upon the same matter either by the parties or by their privies." It is only "a judgment *in rem* or one affecting the status of persons or things" that is "conclusive as to all the world." "A verdict and judgment are conclusive by way of estoppel only as to those facts which were necessarily involved in them, without the existence and proof or admission of which such a verdict and judgment could not have been rendered. An estoppel is an admission or determination under circumstances of such solemnity that the law will not allow the fact so admitted or established to be afterwards drawn in question between the same parties or their privies . . . . When a fact has been once determined in the course of a judicial proceeding, and a final judgment has been rendered in accordance therewith, it cannot be again litigated between the same parties without virtually impeaching the correctness of the former decision, which

from motives of public policy the law does not permit to be done." . *Burlen* v. *Shannon*, 99 Mass. 200, 202–203. In *Bigelow* v. *Winsor*, 1 Gray, 299, 301–302, the court said: "One valid judgment, by a court of competent jurisdiction, between the same parties, upon considerations as well of justice as of public policy, is held to be conclusive, except where a review, an appeal, or rehearing in some form, is allowed and regulated by law. No man is to be twice vexed with the same controversy." *Biggio* v. *Magee*, 272 Mass. 185, 188.

In an opinion by Van Devanter, J., in *Portland Gold Mining Co.* v. *Stratton's Independence*, 158 Fed. Rep. 63, a comprehensive review of decisions of many State courts appears. There the situation differs from that in the case at bar in that the agent was first sued and then the principal, but no distinction was suggested on that ground provided the issues in the two cases are identical. The opinion states at pages 68–69: "Thus it is settled by repeated decisions that the general rule that one may not have the benefit of a judgment as an estoppel unless he would have been bound by it had it been the other way is subject to recognized exceptions, one of which is that in actions of tort, such as trespass, if the defendant's responsibility is necessarily dependent upon the culpability of another, who was the immediate actor, and who, in an action against him by the same plaintiff for the same act, has been adjudged not culpable, the defendant may have the benefit of that judgment as an estoppel, even though he would not have been bound by it had it been the other way." The principle was recognized in *Buckeye Powder Co.* v. *E. I. DuPont De Nemours Powder Co.* 248 U. S. 55, 62.

*Emery* v. *Fowler*, 39 Maine, 326, was an action of trespass against one who had acted under his father's direction. In a prior action by the same plaintiff against the father for the same act the father had admitted that the son had acted under his direction, and the judgment was in his favor. The court held that this judgment was a bar to the action against the son. The opinion states at page 329: "In such cases the technical rule, that a judgment

can only be admitted between the parties to the record or their privies, expands so far as to admit it, when the same question has been decided and judgment rendered between parties responsible for the acts of others." In *Jenkins* v. *Atlantic Coast Line Railroad*, 89 S. C. 408, a judgment in favor of a lessor was held to be a bar to an action against the lessee for the same cause of action. In that case the court said at page 412: ". . . the true ground upon which a former judgment, in a case like this, should be allowed to operate as a bar to a second action is not *res judicata,* or technical estoppel, because the parties are not the same, and there is no such privity between them as is necessary for the application of that doctrine; but that in such cases, on grounds of public policy, the principle of estoppel should be expanded, so as to embrace within the estoppel of a judgment, persons who are not, strictly speaking, either parties or privies. It is rested upon the wholesome principle which allows every litigant one opportunity to try his case on the merits, but limits him, in the interest of the public, to one such opportunity." *Bigelow* v. *Old Dominion Copper Mining & Smelting Co.* 225 U. S. 111, 127, recognizes an apparent exception to the general rule that an estoppel exists only where the subsequent litigation is between the same parties in cases where the liability of the defendant is wholly dependent on the culpability of one who has been exonerated in a prior suit upon the same facts.

The rule that estoppels need not always be mutual to be binding is set forth in numerous cases among which the following are cited: *Atkinson* v. *White*, 60 Maine, 396, 397, *Featherson* v. *Newburgh & Cochecton Turnpike Co.* 24 N. Y. Supp. 603, *Doremus* v. *Root*, 23 Wash. 710, *Hill* v. *Bain*, 15 R. I. 75, 76, *Spencer* v. *Dearth*, 43 Vt. 98, *Anderson* v. *Fleming*, 160 Ind. 597, *Muntz* v. *Algiers & Gretna Street Railway*, 116 La. 236, *McGinnis* v. *Chicago, Rock Island & Pacific Railway*, 200 Mo. 347, *Chicago, St. Paul, Minneapolis & Omaha Railway* v. *McManigal*, 73 Neb. 580, *Port Jervis* v. *First National Bank of Port Jervis*, 96 N. Y. 550, 556.

The rule for which the defendant contends seems to

have had some recognition in this Commonwealth. *Cowley* v. *Patch*, 120 Mass. 137, was an action on an alleged liability of the defendant's testate and a third person jointly. The defendant was allowed the benefit of a decision in a prior action by the same plaintiff against the third person which held that the liability was not joint. In *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow*, 203 Mass. 159, the court, after holding that upon the facts *res judicata* was not a bar to the maintenance of the action by the plaintiff, said at page 219: "The cases where judgment in favor of an active agent or servant avails a passive principal or master (*Portland Gold Mining Co.* v. *Stratton's Independence*, 158 Fed. Rep. 63, and cases cited), or where the relation of indemnitor and indemnitee exists (*Port Jervis* v. *First National Bank of Port Jervis*, 96 N. Y. 550) do not constitute exceptions to this rule, but stand on a different ground." See *H. D. Watts Co.* v. *American Bond & Mortgage Co.* 272 Mass. 84, 90.

The case of *McAlevey* v. *Litch*, 234 Mass. 440, is relied upon by the plaintiff as decisive of her right to maintain the present action, but that case rested on the ground that the facts did not go far enough to bring it within the principle for which the defendant here contends. In that case a judgment for the defendant in an action against a corporation for personal injuries caused by negligence in operating an automobile by Litch, who was alleged in the plea to be its president, treasurer, manager and one of its directors, was held not to be a bar to an action of tort for the same injuries by the same plaintiff against the officer individually. In the trial against the corporation Litch testified that at the time of the injuries he was in the employ of the corporation and was acting within the scope of his employment and no evidence was introduced to controvert this testimony. This testimony of the operator of the automobile was treated not as a binding admission made by the defendant, but merely as testimony of a witness called in the case which might not have been believed by the jury. The opinion in the case stated that the contention that the plaintiff was estopped from prosecuting the case, because the

issue whether the driver was acting within the scope of his employment was litigated in the previous trial and determined against the plaintiff, was not supported by the record. After referring to the uncontradicted testimony of the driver that he was in the employ of the corporation and out on its business the court said at page 442: "This does not go far enough. The jury may have disbelieved this testimony. The general verdict does not disclose how the jury found on that question, or on what issues the plaintiff failed."

As a matter of public policy and in the interest of accomplishing justice, the better rule would seem to be that, if it is clearly established, in the trial of an action either against the employee or against the principal for damages caused by the employee's negligent conduct, that the employee is not negligent, the judgment in the case first tried is a bar to a subsequent action by the same plaintiff for the same negligent act of the same employee. In principle it would seem to be immaterial whether the first judgment was obtained in an action against the employer provided the only ground for holding the employer is the negligence of the employee and it clearly appears that in the first trial the employee was found to be free from culpability. Upon the allegations in the third and fourth paragraphs of the answer the fact that the defendant in the case at bar was an employee of the New England Telephone and Telegraph Company and acting within the scope of his employment at the time of the collision causing the plaintiff's injury was conclusively established by an admission in the former trial. The verdict for the defendant in that case established the fact that there was no negligent act of Donovan for which the plaintiff is entitled to recover. The nature of the admission in the case at bar, leaving no issue of fact for the jury on the question either of the employment of Donovan or of his acting within the scope of his employment, distinguishes the case from *McAlevey* v. *Litch*, 234 Mass. 440.

The order sustaining the demurrer to paragraphs three and four of the amended answer must be reversed and an entry made, demurrer overruled.

*So ordered.*