Sullivan, J.
This is an action in tort to recover damages to the plaintiff’s truck which was in collision with a truck driven by the defendant near the intersection! of ¡Chelsea and Foss Streets in the Charlestown District of Boston.
The answer contained a general denial, a plea of contributory negligence, “res judicata,” and a judgment in a former case against the principal is a bar to the present action against the agent (defendant) on the grounds of public policy.
The cause is before this division by action of the trial judge under G-. L. (Ter. Ed.) C. 231, §108 who reports the case “for determination of the question of law presented by the rulings and refusals to rule as requested.”
There was evidence that the plaintiff’s five ton Mack truck, about twenty-five to twenty-seven feet long, containing a seven ton load was being driven out of Foss Street into Chelsea Street on a sharp left turn at between two or three miles per hour, at about 7:15 A. M. June 24, 1929, that the defendant first saw the plaintiff’s truck on his right when he was thirty feet from the intersection driving along Chelsea Street while the plaintiff’s truck was coming out of Foss Street; that the defendant at the time of the collision was operating the truck of his employer, H. B. Church 'Truck Service Company, on the business of the company.
There was documentary evidence introduced by the defendant of records of the Roxbury District Court, subject to the plaintiff’s claim for a report on condition that the defendant show that he, the defendant, was a privy to H, B'. Church Truck Service Company. Interrogatory #27. and answer thereto were read by defendant’s counsel. The records and docket of the court showed that a suit was instituted by the plaintiff in this cause against H. B. Church *337 Truck Service Company, upon which a trial was had and that a finding was made for the defendant; that the defendant’s answer contained a general denial, contributory negligence, and a further answer that “defendant says that at the time and place alleged in the plaintiff’s declaration, the said automobile was not being operated for or in behalf of the defendant, but that the operator thereof was engaged in a matter on his own behalf and was not acting as agent or servant of the defendant;” that the plaintiff’s interrogatories and the defendant’s answers thereto were offered and introduced in the trial in Roxbury District Court.
A report was claimed by the defendant on the question of the admissibility of the interrogatories and answers which were ruled out upon objection of the plaintiff. The report states that the “Question of an exception having been saved by the defendant was raised, but the .Court has no record of same.”
The defendant filed the following requests for rulings: '
“1. On all the facts, the action is res judicata.
2. The judgment in the case of Tighe v. H. B. Church Truck Service Company is a bar to this action.
3. The Municipal Court of the Roxbury District is a court of competent jurisdiction.
4. The correctness of the decision of the Municipal Court of the Roxbury District cannot be impeached.
5. The judgment of the Municipal Court of the Roxbury District is held to be conclusive.
6. The defendant cannot be vexed twice with the same controversy.”
Numbers 1, 2 and 6 were denied, 5 denied as inapplicable to facts found; 3 and 4 were allowed. There was a finding for the plaintiff.
The report contains all the evidence material to the issues involved.
“Bes judicata in its fundamental conception means that an issue of law or fact, once determined on its merits by the judgment of a court of competent jurisdiction, consti *338 tutes a bar to any furthér litigation upon the same matter either by the parties or by their privies. ’ ’ McCarthy v. Wood Lumber Co., 219 Mass. 566, 567, and cases cited.
“In order that the doctrine of ‘res judicata’ may apply as a bar to a subsequent proceeding, it must appear, either from the record alone or from the record supplemented by other evidence, that the issue was considered and determined by the court upon its merits. ” Cinamon v. St. Louis Rubber Co., 229 Mass. 33, 37 and cases cited.
“Except in proceedings ‘in rem’, there is no such thing known to the law as an adjudication of a cause of action, which can be availed of as ‘res judicata’ by any others than by parties and their privies. ” Old Dominion Copper Mining & Smelting Co. v. Bigelow, 203 Mass. 159, 206.
In Sandler v. Silk, Mass. Adv. Sh. (1935) 2593, 2597, it is stated that “The governing principle is that such decree on the merits is as to every issue raised by the pleadings a bar to a subsequent proceeding between the same parties or their privies upon the same cause of action.”
There was evidence in the trial in the Municipal Court of the Boxbury District that the defendant in this action was in the employ and upon the business of the H. B. ;Church Truck Service Company notwithstanding that the answer filed in that court in part stated that the truck at the time and place, was not being operated for or in behalf of the defendant, but that the operator was engaged in a matter of his own.
Pleadings are not evidence.
Plaintiff’s interrogatory #27 was read in the Boxbury, Court and is as follows: “Please state whether the person driving the defendant’s automobile at the time of the accident was on the business of the defendant.” and the defend-, ant’s answer was “Yes.”
The burden of proof is on the defendant to show that the parties are the same or are privies. Butler v. Martin, 247 Mass. 112,118.
*339 The evidence is uncontradicted. The defendant was in the employ of and doing the business of H. B. Church Truck Service Company and therefore he is privy to the cause tried in the -first instance.
The question tried in the two eases was based on the alleged negligent operation of the H. B. Church Truck Service Company’s truck, the determination of the first cause being a finding for the defendant, which indicates that the court in its general finding could have found that the defendant was not negligent. The plaintiff in that cause filed a motion in the Boxbury Court for a new trial, which, upon hearing, was denied.
As there is evidence that has not been impeached, that the defendant is a servant or agent of the H. B. Church Truck Service Company, it follows that the case of Fleischner v. Durgin, 207 Mass. 435, 436, is in point where the Court stated that: “The master is liable for the act of a servant in charge of his vehicle when the latter is acting in the main with the master’s express or implied authority upon his business and in the course of the employment for the purpose of doing the work for which he is engaged. ’ ’
Gr. L. (Ter. Ed.) C. 231, §85A provides that: “In all actions to recover damages for injuries to the person or to property . . . arising out of an accident or collision in which a motor vehicle was involved, evidence that at the time of such accident ... it was registered in the name of the defendant as owner shall be ‘ prima facie’ evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible .....”
An examination of the interrogatories and answers thereto discloses that the H. B. Church Truck Service Company was the owner of the truck driven by the defendant and the registration was B-4909 and continued references to such ownership is made in the interrogatories and admission in *340 the answers of such ownership. The ownership is nowhere denied and the trial judge in the Eoxbury .Court could have found that the truck was registered in the name of H. B. Church Truck Service Company.
There were no findings of fact filed in the first case.
The interrogatories and answers should have been admitted in evidence and their exclusion was prejudicial error. Cinamon v. St. Louis Rubber Co. supra.
In this case it is indicated that the defendant to prove “res judicata” could introduce the record alone or from the record supplemented by other evidence.
As it is shown that the defendant is privy to the first case, the case of Gredrewicz v. Donovan, 277 Mass. 563, 569, is controlling and decisive of this ease.
It is there stated that: “As a matter of public policy and in the interest of accomplishing justice, the better rule would seem to be that, if it is clearly established, in the trial of an action either against the employee or against the principal for damages caused by the employee’s negligent conduct, that the employee is not negligent, the judgment in the case first tried is a bar to a subsequent action by the same plaintiff, for the same negligent act of the same employee. In principle, it would seem to be immaterial whether the first judgment was obtained in an action against the employer provided the only ground for holding the employer is the negligence of the employee and it clearly appears that in the first trial the employee was found to be free from culpability.”
In Gredrewicz v. Donovan, 277 Mass. 563, 569, upon the allegations in the third and fourth paragraphs of the answer, the fact that the defendant was an employee of the New England Telephone & Telegraph Company and acting within the scope of his employment at the time of the collision causing the plaintiff’s injury was conclusively established by an admission in the former trial. The verdict *341 for the defendant in that case established the fact that there was no negligent act of Donovan for which the plaintiff is entitled to recover. The nature of the admission in the case at bar, leaving no issue of fact for the jury on the question either of employment of Donovan or of his acting within the scope of his employment distinguishes the case from McAlevey v. Litch, 234 Mass. 440.
We are of the opinion that the defendant has sustained the burden of proving this cause to be “res judicata.” The finding for the plaintiff is vacated and a finding for the defendant is to be entered.