THOMAS F. TIGHE *vs.* JOHN SKILLINGS.

Middlesex. December 9, 1936. — June 28, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Res Judicata. Evidence*, Presumptions and burden of proof.

The burden of proving that the grounds alleged for recovery in an action of tort are barred because *res judicata* is on the defendant.

Freedom from negligence on the part of the operator of a motor truck was not proved as a matter of law by a judgment for the defendant in an action against the owner of the truck for injury alleged to have been caused by such negligence, where the owner in his answer had alleged that the operator was not acting as his servant or agent and the record did not disclose the basis of the judgment; and on such record it was error to rule that such judgment was a bar to a later action by the same plaintiff for the same injury against the operator based on his negligence.

TORT. Writ in the Fourth District Court of Eastern Middlesex dated June 9, 1932.

The action was heard by *Nash*, J., who found for the

plaintiff in the sum of $728. Upon report to the Appellate Division for the Northern District, judgment was ordered entered for the defendant. The plaintiff appealed.

B. *Goldman*, for the plaintiff.

J. H. *Dooley* & W. G. *Reed*, for the defendant, submitted a brief.

Rugg, C.J. The plaintiff seeks in this action of tort to recover compensation for damage caused to his automobile by the negligence of the defendant. The answer of the defendant contained a general denial, an allegation of contributory negligence, and a plea of *res judicata* by reason of an action by the present plaintiff against the H. B. Church Truck Service Company. There was evidence tending to show these facts: At about quarter past seven on the morning of June 24, 1929, a collision occurred on a public highway between a truck owned by the H. B. Church Truck Service Company and operated by the defendant and a truck owned by the plaintiff. The defendant, at the time and place in question, was in the employ of the H. B. Church Truck Service Company and engaged in its business. The defendant introduced evidence that an action was brought by the plaintiff in the Municipal Court for the Roxbury District of the City of Boston against the H. B. Church Truck Service Company for the same cause of action, wherein a finding was made in favor of the defendant on May 23, 1932. A motion for a new trial was seasonably filed and was denied after hearing. The record and papers in that case were admitted in evidence, subject to the exception of the plaintiff, on condition that the defendant show by records that he was a privy to the H. B. Church Truck Service Company. The answer of the defendant in that action contained a general denial and allegations of contributory negligence and that the automobile of the defendant at the time and place in question was not being operated for or in behalf of the defendant but that the operator was engaged in a matter in his own behalf and was not acting as a servant or agent of the defendant. Among the papers in that case were interrogatories propounded by the plain-

tiff to the defendant, one of which was this: "Please state whether the person driving the defendant's automobile at the time of the accident was on the business of the defendant." To that interrogatory the answer was "Yes." Testimony was · offered to the effect that these interrogatories and answers were introduced in evidence at the trial in the Municipal Court for the Roxbury District. On objection by the plaintiff, this testimony was excluded, but the trial judge had no record of request for report of the exclusion by the defendant. There is no evidence in the record that the interrogatories and answers were introduced in evidence at the trial of the action of the plaintiff against the H. B. Church Truck Service Company. That offer of testimony cannot be considered. It was excluded. No request for a report of the exclusion was made. It is plain that the trial judge did not undertake to report that question. *Mass. Building Finish Co. Inc.* v. *Brenner,* 288 Mass. 481, 484. *Walsh* v. *Adams,* 245 Mass. 1, 9. *Stangy* v. *Boston Elevated Railway,* 220 Mass. 414, 416.

At the close of the evidence the defendant made these requests for rulings:

" 1. On all the facts, the action is *res judicata.*

" 2. The judgment in the case of Tighe *v.* H. B. Church Truck Service Company is a bar to this action.

" 3. The Municipal Court of the Roxbury District is a Court of competent jurisdiction.

" 4. The correctness of the decision of the Municipal Court of the Roxbury District cannot be impeached.

" 5. The judgment of the Municipal Court of the Roxbury District is held to be conclusive.

" 6. The defendant cannot be vexed twice with the same controversy."

The trial judge denied requests numbered 1, 2, and 6, denied number 5 as inapplicable to facts found, and allowed numbers 3 and 4; and found for the plaintiff. The defendant "claiming to be aggrieved by the rulings and refusals to rule as requested" and having failed by inadvertence, accident, or mistake to perfect his right to a report, the

trial judge, exercising power conferred by G. L. (Ter.
Ed.) c. 231, § 108, made "a voluntary report of the case
to the Appellate Division for determination of the ques-
tions of law presented by the said rulings and refusals to
rule as requested." That report "contains all the evidence
material to the question reported."

The Appellate Division found and decided that there was
prejudicial error in denying the defendant's requests num-
bered 1 and 2, and ordered that the finding for the plaintiff
be vacated and that finding be entered for the defendant.
The appeal of the plaintiff brings the case here.

We do not pause to discuss whether, under a report of this
nature by a trial judge of his own volition, questions of
evidence may be reported. Commonly, interlocutory and
subsidiary matters may not be so reported. *Krock* v. *Con-
solidated Mines & Power Co. Ltd.* 286 Mass. 177. *Ham-
mond* v. *Boston Terminal Co.* 295 Mass. 566. The decision
of the Appellate Division rested on a vital point and the
matter is considered as it has been presented.

The crucial question in the case at bar is whether the
judgment in the former case necessarily decided that at the
time of the collision the operator of the truck of the H. B.
Church Truck Service Company was not negligent. If it
did so decide, it is a bar to the present action. *Giedrewicz*
v. *Donovan*, 277 Mass. 563, 565, 566.

The burden of proof was upon the defendant to show
that the judgment in the former case was a bar to the
present action. *Butler* v. *Martin*, 247 Mass. 112. *Rosen-
berg* v. *Peter*, 269 Mass. 32, 37. *Sandler* v. *Silk*, 292 Mass.
493, 498. The answer of the defendant in that case to
the interrogatory did not necessarily eliminate the issue
raised by its pleading to the effect that the operator of its
motor truck was not acting within the scope of his em-
ployment. Answers to interrogatories are not conclusive
upon the answering party. *Dome Realty Co.* v. *Cohen*, 290
Mass. 36. *Washburn* v. *R. F. Owens Co.* 258 Mass. 446,
449. It is quite possible that there was evidence in the
earlier case tending to contradict the answer to the inter-

rogatory. The defendant may have prevailed in the earlier action on the ground that the operator of the truck was not acting within the scope of his employment. A finding of that nature may have rested on evidence which was believed by the trial judge contradicting the answer to the interrogatory. *Topjian* v. *Boston Casing Co. Inc.* 288 Mass. 167, 169. When a former action may have been decided on one or the other of two grounds and it does not appear what was the basis of the decision, judgment in the earlier action is not a bar to a subsequent action based on one of those grounds. *McDowell* v. *Langdon,* 3 Gray, 513. *Burlen* v. *Shannon,* 99 Mass. 200. *Bugbee* v. *Davis,* 167 Mass. 33. *McAlevey* v. *Litch,* 234 Mass. 440. *Olsen* v. *Olsen,* 294 Mass. 507. Nothing in the present record shows that no evidence tending to contradict the answer to the interrogatory was introduced at the earlier trial. In view of the pleadings in that case, an inference of that nature cannot be indulged. The case at bar falls within the authority of *McAlevey* v. *Litch,* 234 Mass. 440. It there was held that testimony in an earlier trial against his corporate employer that "Litch was in the employ of said corporation and out on its business at the time of the injuries and no evidence to rebut that claim was offered" did not go far enough because the evidence might have been disbelieved. The case at bar is distinguishable from *Giedrewicz* v. *Donovan,* 277 Mass. 563. In the latter case there is nothing to show that in a previous action against the New England Telephone and Telegraph Company the admission by that company that Donovan was an employee "acting within the scope of his employment and operating the motor vehicle with which the plaintiff was in collision" was not accepted by all parties. In the action against the H. B. Church Truck Service Company that very point was put in issue by the pleadings. It can hardly be presumed that there was no evidence on that point. It does not appear that any findings of facts were filed in the earlier case. There is nothing to show that all the issues raised by the pleadings were not tried. The present record does not, in our opinion, require the conclu-

sion that the defendant sustained the burden of proving this cause to be *res judicata.*

The order of the Appellate Division is reversed. Judgment is to be entered for the plaintiff on the finding of the trial judge.

*So ordered.*