### Southern District

## WARREN W. HATCH
### v.
## FRANK J. HOMEYER

(September 7, 1959)

*Present:* Cox, J., (Presiding), and Sgarzi, J.

Case tried before *Nash, J.,* in the District Court of Eastern Norfolk. No. 4412.

*Sgarzi, J.* This is an action of contract or tort with a declaration in two counts. In the first count the plaintiff says that as a truckman for hire, he was engaged by the defendant, a building contractor, to transport some loam and fill from the land of one Ricciuti to land of the defendant; that this work was done by the plaintiff in good faith at the direction of the defendant, acting as his agent without knowledge that the action constituted a trespass or tort against the said Ricciuti; that on December 29, 1954 the said Ricciuti brought suit against the plaintiff in the Superior Court of Norfolk County and on January 25, 1957 recovered a judgment against the plaintiff in the sum of $2494.00 plus interest and costs and was further compelled to pay $500.00 for defense of the action and $200.00 for other expenses incurred in the litigation; that the defendant was given due notice of said action, and that the plaintiff is entitled to reimbursement by the defendant for his damages in the amount of $3700.00.

In the second count the plaintiff alleges

that the defendant falsely and fraudulently represented to the plaintiff that he was the owner of certain premises and that in reliance thereon the plaintiff transported loam and fill from these premises to other premises of the defendant, as a result of which an action was brought against the plaintiff by one Renzo Ricciuti, the owner of the land. The said Ricciuti having recovered a judgment against the plaintiff in said action, the plaintiff now seeks recovery from the defendant for the amount of said judgment, together with interest, costs, and other expenses incurred in defense, amounting in all to $3700.00.

The defendant in his answer pleads general denial and *res judicata,* alleging that he himself was sued by said Ricciuti for the conversion of the same loam and fill and the trial of said action of *Ricciuti v. Homeyer* resulted in a verdict for the defendant.

At the trial, Renzo Ricciuti was called by the plaintiff as a witness. On cross examination he testified that he had brought an action against Homeyer for the conversion of the same soil that he claimed Hatch had removed. He was also confronted with a writing dated August 24, 1954 signed by him purporting to be a release of all demands which he had against Homeyer, the defendant. This testimony and release were admitted in evidence against the objection of the plaintiff, who properly saved his rights.

At the close of the evidence the defendant presented to the court certain requests for rulings of law founded on the contention that

the verdict for the defendant in the action of *Ricciuti v. Homeyer* is a bar to a recovery by the plaintiff in this action. To the denial of these requests the defendant claims to be aggrieved.

The Court made the following findings which were amply supported by the evidence. "I find that the defendant, Homeyer, was developing a piece of land in South Weymouth and that he sold a lot of land to one Ricciuti. The defendant built a house for said Ricciuti on this lot. On this land that had been sold to Ricciuti had been placed a large amount of so-called fill. In August of 1954 the defendant hired a man who operated a shovel and the plaintiff who owned some trucks to remove this material from the Ricciuti lot. In doing so some soil was also removed.

On August 24, 1954 the operator of the shovel worked all day loading two trucks owned by the plaintiff and which the plaintiff deposited at locations specified by the defendant. The material and some loam were so loaded and moved. All of this work was done under the direct supervision of the defendant. On October 2, 1954 Ricciuti signed a release marked (Exhibit 4) which purported to discharge the defendant from all liabilities that Ricciuti had against the defendant. The release does not include the agents of the defendant. In November by writs dated November 26, 1954 Ricciuti brought actions of tort and contract in the Norfolk Superior Courts No. 57451 and 57452 respectively

against the defendant. In both actions the defendant prevailed. See Exhibits marked (2) and (3). By writ dated December 29, 1954 Ricciuti brought an action of tort in the Norfolk Superior Court No. 57632 against the plaintiff Hatch, see Exhibit marked (1). In this action Ricciuti recovered a judgment in the amount of $2,980.65 and costs of $64.65, a total of $3,045.30. In this latter case the defendant, Homeyer, had timely notice and appeared as a witness. I find that in the defense of this suit the plaintiff, Hatch, expended the sum of $500.00 as counsel fees which I find to be a fair and reasonable amount of $200.00 as expenses — a total of $700.00.

I find for the plaintiff, Hatch, in the sum of $3,700.00."

■■■ The real question raised by the report is whether the defendant in this action can avail himself of the defense of Res Judicata. This defense requires the establishment of these elements.

(1) The parties must be the same or their privies.

(2) The subject matter must be the same.

(3) The matter must have been decided against the party attempting to litigate the same subject matter again. *Hopkins v. Holcombe,* 308 Mass. 54; *Lunt v. Aetna Life Ins. Co.,* 261 Mass. 469; *McAlevey v. Litch,* 234 Mass. 440.

It is to be noted that the present plaintiff was not a party to the original action of

*Ricciuti v. Homeyer.* It is argued by the defendant that the verdict for him as a principal in that action is a bar to recovery by the same plaintiff in a subsequent action against his agent. However, there is nothing in the report to show that the relationship of principal and agent was ever established in the prior litigation. Indeed, there was evidence that in the action of *Ricciuti v. Homeyer,* the defendant denied that Hatch had authority from him to remove the soil.

The defense of *res judicata* if it had application at all should have been raised in the action of *Ricciuti v. Hatch.* The defendant Homeyer had ample notice of the bringing of that action and was not only invited to come in and defend but was warned that if Ricciuti recovered a judgment Hatch would seek to hold the defendant liable. *Miller v. U.S. F. & G. Co.,* 291 Mass. 445; *B & M RR v. Stuart,* 236 Mass. 98.

While the defendant might have availed himself of the defense of *res judicata* in that action he cannot do so here. In this action not only are the parties not the same but technically the subject matter is not the same. This plaintiff does not seek damages for the removal of soil, he seeks to be indemnified for a liability which he has incurred through the fault of the defendant. Restatement of the Law, Restitution §90.

Since there was ample evidence to support the findings of the court and no prejudicial error in the treatment of the defendant's re-

quests for rulings of law the report is to be dismissed.

*Shair and Gorfinkle*, of Boston, for the Plaintiff.

*Jack S. Sturtevant, of Whitman*, for the Defendant.