*Western District*

## No. 148

## GUS THEODORE, Administrator

### v.

## THE TRAVELERS INSURANCE COMPANY

Argued: April 12, 1975. Decided: Feb. 23, 1976.

Case tried to *Moran, J.,* in the District Court of Eastern Hampden. Number: 11932.

Present: Constantino, J. (Presiding), Walsh, J. and Forte, J.

Counsel for Plaintiff—Timothy Shea, Herbert Murphy Associates of Springfield.

**Forte, J.** This is an action in contract in which the plaintiff Theodore, as administrator of the estate of Amber Lee Theodore, seeks to recover personal injury protection benefits for the loss of earning capacity of the deceased under "Personal injury protection" benefits of a Massachusetts Automobile Liability Insurance policy issued by the defendant to one Anthony C. Wielkiewicz.

The answer is a general denial, satisfaction of anything that may have been owing, expiration of the statute of limitations, and failure to comply with the requirements of the policy.

The trial justice entered a finding for the defendant, and there was no error.

The plaintiff's amended declaration reads as follows:

"The plaintiff says that he is the duly appointed and qualified administrator of the estate of his late daughter, Amber Lee Theodore. The deceased was killed in a motor vehicle collision which occurred on December 29, 1973, in Palmer, Hampden County, Massachusetts. At the time of the collision, the deceased was a passenger in a motor vehicle operated by Helen Wielkiewicz of 31 Bourne Street, Three Rivers, Hampden County, Massachusetts. THE TRAVELERS INSURANCE COMPANY insured said motor vehicle for liability. Said policy included Personal Injury Protection benefits. Said defendant insurance company has paid the sum of One Thousand Five Hundred

Forty-Four and 00/100 ($1,544.00) Dollars of said benefits. The Plaintiff claims an additional sum of $456.00, being the difference between the amount paid and the total amount payable, namely Two Thousand and 00/100 ($2,000.00) Dollars plus interest and costs and reasonable attorneys fees in accordance with General Laws Chap. 90, Sect. 34M."

There was evidence, and the justice found, that the deceased, 18 years of age, while in good health, was a passenger in a motor vehicle owned by Anthony C. Wielkiewicz, and operated by his daughter, which vehicle was involved in an accident on December 29, 1973 causing the death of the plaintiff's intestate. Further, the defendant insured the Wielkiewicz vehicle under a standard Massachusetts Automobile Liability policy including "Personal injury protection" benefits.

Additional findings based on evidence were that the deceased was a high school graduate and had worked at various positions through December 1, 1973 but was unemployed at the time of her death; that the deceased had at the time of her death an earning capacity of $3.00 per hour.

There were further findings based upon evidence that the defendant paid the plaintiff under the "Personal injury protection" coverage for the funeral expenses and that there were no medical expenses incurred.

The policy of insurance provides Coverage D (Medical Payments Including Funeral Expenses) in the amount of $1,000.00 and Coverage A, Division 2 ("Personal injury protection") in the amount of $2,000.00.

At the close of the evidence, the plaintiff filed seven requests for rulings which raise the issue:

When death is caused by a motor vehicle accident is the adminstrator, whose deceased was unemployed at the time of the accident, entitled to recover damages for the diminution of the

deceased's earning power under the "Personal injury protection" benefits of a Massachusetts Automobile Liability policy?

The relevant part of G.L. c. 90, §34a, as amended by St. 1970, c. 670, is:

> " 'Personal injury protection' . . . which provide payment to . . . guest occupant . . . of all reasonable expenses incurred within two years from the date of the accident . . . including funeral services, and . . . in the case of persons not employed . . . at the time of an accident of any loss by reason of diminution of earning power . . . as a result of bodily injury, sickness or disease, including death at any time resulting therefrom, caused by accident, . . . without regard to negligence or gross negligence or fault of any kind, to the amount or limit of at least two thousand dollars on account of injury to or death of any one person, . . . except that payments for . . . , in case of persons not employed, loss by reason of diminution of earning power, shall be limited to amounts actually lost by reason of the accident . . . ."

The right to recover for personal injuries is that right which is given by the common law and which by reason of actual damage to the decedent before her death in the form of suffering, expenses for medical attention or loss of earning capacity, survives her death. "The subsequent death does not defeat it, but by operation of the statute vests in the personal representative." *Campbell v. Romanos,* 346 Mass. 361, 367 (1963). "The term count for conscious suffering has been generally, although perhaps inaccurately, used both by the Legislature and by the courts to describe an action for personal injuries at common law when death has resulted." *Dermody v. Utley,* 328 Mass. 209, 211-212 (1952). The cause of action for death was a cause of action unknown to the common law and rested wholly for its creation upon the death statute, to wit: G.L. c. 229, §2. *McCarthy Adm. v. Wood Lumber Co.,*

219 Mass. 566 (1914). However in *Gaudette, Adm. v. Webb,* 362 Mass. 60 (1972), the court stated at page 64: "This Commonwealth has long subscribed to the rule that there is no common law right to a civil recovery for death and that any right for such recovery is solely a creation of the statutes." citing *Carey v. Berkshire R.R.,* 1 Cush. 475, 477 (1848) but the court thereafter stated at 71:

> "that the law in this Commonwealth has also evolved to the point where it may now be held that the right to recovery for wrongful death is common law origin, and we so hold . . .

> "Consequently, our wrongful death statutes will no longer be regarded as 'creating the right' to recovery for wrongful death. They will be viewed rather as: (a) requiring that damages recoverable for wrongful death be based upon the degree of the defendant's culpability; (b) prescribing the range of the damages recoverable against each defendant; (c) requiring that any action for wrongful death be brought by a personal representative on behalf of the designated categories of beneficiaries; and (d) requiring that the action be commenced within the specified period of time, as a limitation upon the remedy and not upon the right."

When an administrator sues as administrator he has two causes of action, one for the deceased's cause of action that accrued to her during her lifetime and any recovery therefrom is for the benefit of the deceased's estate; the second recovery, not originally known to the Common Law but defined by G.L.c. 229 §2 in effect at the time of this accident, is for death according to the degree of culpability of the defendant for the benefit of the next of kin.[1] These claims do not accrue to

---

[1] G.L. c. 229, §2 was amended, effective for causes of action arising on or after January 1, 1974 from punitive damages according to degree of culpability to compensatory damages. St. 1973 c. 699.

him in the same capacity. *McCarthy, Adm. v. Wood Lumber Co.,* 219 Mass. 566 (1914). They are separate causes of action. *Finnegan v. Checker Taxi Co.,* 300 Mass. 62, 63 (1938).

Therefore, this administrator's cause of action for impairment of earning capacity relates only to the deceased's cause of action that she had for diminution of her earning capacity that accrued during her lifetime. Further, at the date of her death there was no such element of damages pursuant to G.L. c. 229, §2 then in effect. We express no view as to an action by administrator pursuant to St. 1973 c. 699 as it amended G.L. c. 229, §2, effective January 1, 1974, three days after this accident.

St. 1970, c. 270 was not intended to create new elements of recoverable damages (with an exception not here relevant) not then in existence, but to provide insurance "regardless of fault in the causation of the accident. In exchange for the right granted to him to recover directly from his own insurer, the insured loses his traditional common law right to recover in court even if he is able to prove that the other party to the accident was at fault." *Chipman v. Massachusetts Bay Transportation Authority,* Mass. Adv. Sh. (1974) 1447.

"If the victim was unemployed, he is entitled to the same percentages of wages he can prove he would have received from work he would have had had he not been injured." *Pinnick v. Cleary,* 360 Mass. 1 (1971).

Therefore, we conclude that this administrator is entitled to recover for the deceased's diminution of earning power from the date of the accident to her death.

The court found that although while in good health she had not worked for twenty-eight days prior to the accident, the deceased did have an earning capacity

based on employment one month earlier. This was proper. *Cantara v. Mass. Bay Transportation Authority,* Mass. App. Ady. Sh. (1975) 267. (Where earning capacity was based on employment seven months prior to the accident.)

However, the plaintiff failed to sustain his burden to prove the extent of the loss because there was no evidence reported that any time elapsed between the accident and the deceased's death. We conclude the trial justice was not in error by finding for the defendant as to this cause of action.

**Report dismissed.**