Lida Levesque filed this medical malpractice action against the health care professionals and hospital involved in her gall bladder removal surgery. Acting on a motion under Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974), a Superior Court judge dismissed the complaint on the ground of claim preclusion. Levesque appeals the dismissal as it pertains to three of the defendants, Ann Marie Maserati, James Carroll, and Robert Canning.
We assume for purposes of our review that the factual allegations of the complaint are true. See Goodwin v. Lee Pub. Schs., 475 Mass. 280, 284 (2016). In September of 2013, Levesque had her gall bladder surgically removed by Dr. Patrick McEnaney at Marlborough Hospital (hospital). The following month Levesque was readmitted to the hospital after testing confirmed that bile was leaking into her abdominal cavity. When her condition failed to improve, she sought a second opinion and was diagnosed with a "bile duct injury," requiring her to undergo numerous additional procedures.
In January of 2015, Levesque, individually and on behalf of her two minor children, filed a complaint for medical malpractice (the first action) against the hospital, McEnaney, and two John Doe defendants, seeking damages for the complications resulting from her surgery.[4] With regard to the hospital, Levesque alleged, among other things, that it was vicariously liable for the "negligent acts or omissions of its physicians, agents, servants, and others employed by or under [its] control." Soon after the case was filed, a court order issued convening a medical malpractice tribunal under G. L. c. 231, § 60B.[5] After reviewing Levesque's offer of proof, the tribunal determined that there was insufficient evidence "to raise a legitimate question of liability appropriate for judicial inquiry." When Levesque then failed to file the statutorily required bond within thirty days, a judge allowed the defendants' motion to dismiss the complaint with prejudice, while denying Levesque's emergency motion to enlarge the time to file the bond. Judgment entered in August of 2016, and Levesque did not appeal.
Instead, about one week later, Levesque filed the complaint that is the subject of this appeal, again seeking damages for the injuries she suffered from her surgery. In addition to the defendants named in the first action, the complaint names as additional defendants Maserati, the physician's assistant who assisted McEnaney during the surgery, and Carroll and Canning, the physicians who provided Levesque's postoperative care at the hospital. Levesque argues on appeal that the judgment in the first action does not bar her claims against these three newly named defendants.
We review de novo a judge's ruling on a motion to dismiss under Mass.R.Civ.P. 12(b)(6). See Goodwin, 475 Mass. at 284. Claim preclusion has three requirements: "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." DeGiacomo v. Quincy, 476 Mass. 38, 41 (2016), quoting from Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005). The only element at issue here is whether Maserati, Carroll, and Canning are in privity with the defendants in the first action.
Privity is a flexible concept that requires us to examine whether "the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion." DeGiacomo, 476 Mass. at 43 (quotation omitted). We conclude that a sufficiently close relationship exists. Our analysis is informed by Giedrewicz v. Donovan, 277 Mass. 563, 569 (1931), where the Supreme Judicial Court held that, if an employer is sued for a negligent act of its employee, a judgment for the employer "is a bar to a subsequent action by the same plaintiff for the same negligent act of the same employee." Applying that ruling here, the judgment for the hospital in the first action-in which Levesque asserted that the hospital was vicariously liable for the acts of its agents or employees-operates to bar Levesque's current claims against Maserati, Carroll, and Canning. Cf. Gifford v. Westwood Lodge Corp., 24 Mass. App. Ct. 920, 922 (1987) (plaintiff was barred from pursuing claims against hospital based on acts of its agents, where she "had pressed [those] claims against [the agents] and lost").[6]
Attempting to distinguish Giedrewicz, Levesque argues that the record does not establish that Maserati, Carroll, and Canning were "subject to the direction and control of the [d]efendant [h]ospital." But the complaint expressly alleges that Maserati, Carroll, and Canning were "at all material times hereto" acting as "employees, agents or servants of" the hospital. The complaint also alleges that the negligent conduct occurred while they were treating Levesque at the hospital. Levesque has thus pleaded herself out of court on this issue.[7]
Judgment affirmed.

The defendants in this case attached records from the first action to their motion to dismiss. The judge could take judicial notice of those records. See Brookline v. Goldstein, 388 Mass. 443, 447 (1983) ; Jarosz v. Palmer, 436 Mass. 526, 530 (2002).

To pursue a claim of medical malpractice, a plaintiff must present an offer of proof to a tribunal composed of a Superior Court justice, an attorney, and a physician (or, if the defendant is not a physician, "a representative of that field of medicine in which the alleged tort ... occurred"). G. L. c. 231, § 60B, inserted by St. 1975, c. 362, § 5. If the tribunal makes a finding for the defendant, "the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of six thousand dollars" within thirty days. Id., as amended by St. 1986, c. 351, § 21.

Our ruling would be the same even had Levesque not named John Doe defendants in the first action. Thus, we need not address Levesque's contention that the judge erred in this respect.

For the first time at oral argument, Levesque claimed that she was not bound by the allegations of the complaint because the defendants, by attaching documents to their motion to dismiss, converted it to one for summary judgment. We see no merit in this contention because the judge considered only the pleadings and matters of public record in ruling on the motion. In any event, Levesque has pointed to nothing in the record showing the existence of a genuine dispute as to whether Maserati, Carroll, and Canning were acting as the hospital's agents when they treated her there.