**Darrell Keith ROBINSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1281S359.**

Supreme Court of Indiana.

June 24, 1983.

**52**

Del Marie Williams, East Chicago, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant was charged with taking money from Debbie Jean Koartage through the use or threatened use of force while armed, pursuant to Ind.Code § 35–42–5–1(1). Upon conviction of this class B felony in a trial by jury, he received a sentence of fourteen years in accordance with Ind.Code § 35–50–2–5. On appeal, it is contended that the trial court committed error in overruling an objection to the introduction of appellant's oral and written confessions. The objection was based upon the failure of the prosecution to have supplied the confessions to the defense as required by a discovery order.

The robbery offense occurred on November 21, 1979. The confessions at stake were given by appellant on January 26, 1980, while in custody. On February 27, 1980, appellant appeared by counsel and the court on its own motion entered a mutual reciprocal order of discovery. On April 8, 1980, defense counsel withdrew a motion to dismiss the charges for failure of the State to comply with the discovery order, on the basis that compliance had occurred. In August 1980, appellant was taken into federal custody. He returned to the county jail in January, 1981. He then appeared in court by a new lawyer, a public defender. Further delay in the proceedings occurred while appellant was examined to see whether he was competent to stand trial. Trial took place on June 30 and July 1, 1981.

On the morning of the second day of trial, defense counsel was provided a copy of appellant's written confession. Defense counsel thereupon made a motion to exclude the confession because the prosecution had failed to make disclosure of it to him as required by the discovery order. The trial prosecutor responded that the statement had been previously made available to the defense.

Defense counsel objected that the statement had not been in his file, that it was not listed among the many items listed by the State in its compliance statement, and that he had had no knowledge of it.

The trial court took the position that non-compliance by the prosecution was not clear and that the disclosure may have been made to the earlier defense counsel. The objection was overruled, and a fifteen minute recess was declared to permit defense counsel to discuss the confessions with appellant. Trial resumed after recess without further objection. The oral and written confession reached the jury after a voluntariness hearing was conducted before the judge.

Exclusion of prosecution evidence and even dismissal of charges are sanctions within the arsenal of the trial judge in dealing with the failure of the prosecution to afford the defense access to evidentiary materials as ordered. *Sparks v. State,* (1979) Ind., 393 N.E.2d 151. The primary elements for the Court's consideration are whether the breach was intentional or in bad faith and whether substantial prejudice resulted. *Lagenour v. State,* (1978) 268 Ind. 441, 376 N.E.2d 475. The circumstances

presented did not warrant severe sanctions. Non-compliance of the prosecution with the discovery order was in question. Extensive pre-trial discovery was provided by the prosecution including witness statements, confessions of accomplices, police reports, and other data. Compliance had been conceded by the first defense lawyer when he withdrew his motion to dismiss. The prosecution's case was very strong, indicating the lack of motive to impede disclosure. Knowledge of the confession would have armed the defense with the means of challenging its admissibility on voluntariness grounds. The trial court was able to conduct a voluntariness hearing, and redact impermissible matter from the confession. And finally it does appear that the statement may have been misplaced as the case moved from one generation of defense lawyers to the next. Under the circumstances, the fifteen minute recess to permit a private conference between appellant and his counsel, for the purpose of developing an evaluation of the problem, was a rational way to deal with the interests in tension at the time. The trial court did not commit error as contended.

The judgment is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.