Robert Lee BORST, Jr., Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–1282A325.

Court of Appeals of Indiana,
Third District.

Feb. 15, 1984.

Rehearing Denied March 12, 1984.
Transfer Denied May 7, 1984.

Susan K. Carpenter, Public Defender, C.H. Gardner, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Presiding Judge.

Following a jury trial, Robert Lee Borst, Jr. (Borst) was convicted of possession of cocaine[1] and possession of marijuana.[2] Borst appeals. On appeal, we must consider only the following issue:

Whether the trial court denied Borst a fair trial by excluding the testimony of one of his witnesses rather than granting a continuance to allow the State time to investigate information provided by that witness.

Reversed and remanded for a new trial.[3]

On February 8, 1983, the date set by the trial court for completion of discovery, defense counsel sent the State a letter which listed the witnesses Borst expected to call at trial. One witness listed was Michael Evans. The letter stated that Evans's address was unknown, but would be provided when it was available. A trial date of May 26, 1982 was set. On May 17, Borst filed a Motion for Continuance, alleging difficulty in locating witnesses. On May 24, defense counsel notified the State that Michael Evans had been located. On May 25, the State filed a Motion in Limine, seeking to exclude Evans's testimony because his address had not been supplied earlier. At a hearing on May 26, the trial court denied Borst's motion for a continuance, noting that he had been in jail for several months. In support of the State's Motion in Limine, the prosecutor argued that Borst had known how to contact Evans but had not informed his attorney whom he had seen in February and in the two weeks prior to trial. The prosecutor maintained that Evans had given him the names of others

present during the evening Borst was arrested, concluding,

"[Evans] has opened avenues which I feel should be explored if this cause is to be prosecuted conscientiously, and I simply don't have time to do it at this point in time." (Record, p. 203).

However, the prosecutor stated that the State did not want a continuance, and that the State wanted Borst to comply with the discovery order. The Motion in Limine was granted, pending an offer of Evans's testimony at trial.

On May 28, 1982, the defense made an offer to prove Evans's testimony. Following a hearing, the court granted the Motion in Limine on the grounds that Borst had communicated with Evans prior to December, 1982 but that Evans's address was not disclosed to the State until two days before trial, so the State did not have sufficient time to interview other witnesses. The court also stated that discovery had been ordered completed by December, 1982, so the February 8 letter did not comply. The record indicates that this statement was in error; discovery was ordered closed by February 8, 1983. (Record, p. 20).

The purpose of discovery is to provide both parties with the maximum possible amount of information with which to prepare their case *before* trial. *Johnson v. State* (1979), 179 Ind.App. 28, 384 N.E.2d 1035. When a discovery order has been violated, thereby thwarting that purpose, the choice of remedy for the violation lies within the sound discretion of the trial court and will not be overturned absent clear error. *Anderson v. State* (1983), Ind., 448 N.E.2d 1180, 1184–85; *Lloyd v. State* (1983), Ind., 448 N.E.2d 1062, 1067; *Reid v. State* (1978), 267 Ind. 555, 372 N.E.2d 1149. In general, the appropriate remedy is a continuance, but evidence not disclosed by the State may be excluded if

---

**1.** IC 1976, 35–48–4–7 (Burns Code Ed., 1979 Repl.).

**2.** IC 1976, 35–48–4–11 (Burns Code Ed., 1982 Supp.).

**3.** Because we remand for a new trial, we do not address the other issues raised in this appeal.

the State has acted in such bad faith as to jeopardize the defendant's right to a fair trial. *Anderson, supra; Lloyd, supra.* This remedy is generally invoked only if the State has blatantly and deliberately refused to comply with the discovery order, *Johnson v. State, supra,* and specific prejudice has resulted. *Robinson v. State* (1983), Ind., 450 N.E.2d 51, 52; *Lagenour v. State* (1978), 268 Ind. 441, 376 N.E.2d 475.[4]

██ Borst contends the trial court's action denied him a fair trial. The Sixth Amendment to the United States Constitution guarantees a defendant the right to present witnesses on his behalf. This right is embodied in the due process requirement of the Fourteenth Amendment and applies to proceedings in state courts. *Camarillo v. State* (1980), Ind.App., 410 N.E.2d 1202, 1204. We agree that, by excluding the testimony of Evans the trial court denied Borst his right to present a witness in his favor.

The State contends that Borst acted in bad faith by not providing Evans's address sooner. In support of this contention, the State argues that Borst had been in touch with Evans during the time he was incarcerated but had not asked Evans to contact his attorney. The State also notes that Borst had sought previous continuances and that he had forced one attorney to withdraw from his defense and another to attempt to withdraw. The record shows that Evans had moved during the time Borst was incarcerated and had sold his business. It also shows that Borst did not meet with his attorney from February until a few weeks prior to trial. When defense counsel located Evans through a message left with a bartender, she notified the State on the next working day.

██ Even if we were to assume, solely for the sake of argument, that bad faith on Borst's part would justify infringement on his Sixth Amendment right, the evidence falls short of demonstrating bad faith. Moreover, the State made no showing of substantial prejudice to its case if a continuance were granted.[5] The prosecutor conceded that consciencious prosecution would require him to explore the information provided by Evans but urged that the trial begin as scheduled.[6] Exclusion of Evans's testimony was not the proper remedy in this case; the State's objections to the admission of the testimony could have been overcome by the granting of a continuance. The trial court's refusal to grant a continuance or to allow Evans to testify denied Borst a fair trial. Therefore we reverse and remand for a new trial.

GARRARD, J., concurs in result.

HOFFMAN, J., dissents with opinion.

HOFFMAN, Judge, dissenting.

██ I respectfully dissent. As the majority points out, the purpose of discovery is to provide *both* parties with the maximum possible information before trial, and when a discovery order has been violated, the choice of remedy lies within the sound discretion of the trial court. (See majority opinion p. 752 and the cases cited therein.) I do not agree that the trial court in this instance has abused that discretion.

Generally, the remedy in a case where a party has failed to comply with a discovery order is a continuance. However, evidence not disclosed may be excluded if a party has blatantly and deliberately refused to comply and prejudice has resulted. *Robinson v. State,* (1983) Ind., 450 N.E.2d 51.

---

4. We also observe that error resulting from noncompliance may be waived by a failure to ask the trial court to compel compliance with the discovery order. *Dillard v. State* (1971), 257 Ind. 282, 274 N.E.2d 387; *Perdue v. State* (1979), Ind.App., 398 N.E.2d 1290, 1295 (*trans. denied*).

5. The State wishes to use the charges in this case as the basis for revoking Borst's probation. A delay in trial would have required that a separate hearing be held to revoke Borst's probation before it expired.

6. We recognize the trial court's interest in bringing Borst to trial expeditiously because he had been incarcerated for seven months. However, this consideration does not justify the denial of a fair trial.

The majority contends that the evidence here falls short of demonstrating bad faith by Borst.

At the hearing on the State's motion *in limine,* Evans testified that:

1) until six weeks prior to the hearing he had lived at 416 West Lexington Avenue and had lived there approximately ten months;

2) Borst had visited Evans at that address at least twice;

3) he had owned a business at 115 East Lexington until January of 1982, and Borst had been an employee of his at that address;

4) he had corresponded with Borst while Borst was in jail, writing to Borst once and receiving two letters from Borst, the second of which he received approximately three weeks prior to the hearing;

5) he had visited Borst in jail approximately three times, the last of which occurred after the date set for completion of discovery; and

6) Borst had never asked him to contact Ms. Graham, his attorney.

This clearly demonstrates that Borst not only knew how to locate Evans, but in fact, had contact with him.

By notifying the State two days prior to the trial date that Evans had been located, prejudice did result. The State did not have ample time to pursue the information received from Evans, a witness held in abeyance by Borst and thrust upon the State at the last minute. Borst should not be allowed to benefit from such actions. Otherwise, why does our legal system have rules governing discovery or give trial courts the power over sanctions for breaking those rules?

Borst's exhibition of bad faith and blatant misconduct is not to be condoned. The trial court's granting of the State's motion *in limine* and the denial of Borst's second request for a continuance were justified. No abuse of discretion occurred. I would affirm the trial court's decisions.