Doris M. Gifford *vs.* The Westwood Lodge Corporation. May 18, 1987. *Collateral Estoppel. Practice, Civil,* Summary judgment, Relief from judgment. *Judgment,* Relief from judgment.

This appeal concerns the dismissal of the plaintiff's second action concerning her forty-nine day, involuntary hospitalization at Westwood Lodge in 1983. Two orders are appealed from. One is a judgment dismissing the second action on the ground of collateral estoppel. The second is a denial of a motion for reconsideration of that judgment.

---

*The Earlier Action.*

In 1984, the plaintiff, proceeding pro se, filed suit against Drs. Reimherr and Rafferty, the psychiatrist and psychologist in charge of her care at the Lodge. She alleged that she had been "forcibly injected with a shot of Haldol . . . ordered by . . . Reimherr," "transported to the Westwood Lodge . . . and held against her will for a total of 49 days," and "denied all patient privileges"; that she had "had no psychiatric group therapy"; and that she had been "refused medical [care]" and "badgered continually. . . ." The action was referred to a medical malpractice tribunal, in accordance with G. L. c. 231, § 60B. The tribunal found that there was not a sufficient showing to raise a legitimate question of liability as to either defendant. The action was dismissed as to Rafferty for failure to post a bond. The plaintiff was allowed to post a reduced bond of $100 in the action against Reimherr and tried her case against him to a jury, which returned a verdict for Reimherr. The plaintiff filed a notice of appeal, but the appeal was dismissed for failure to comply with Mass.R.App.P. 9(c), 378 Mass. 935 (1979).

*The Present Action.*

In 1986, the plaintiff, again proceeding pro se, filed suit against Westwood Lodge. She alleged that she had been "forcibly injected with 5 mg. of Haldol," "transported to the defendant's premises," "held against her will for a period of forty-nine (49) days," "denied privileges," "[excluded from] regular institutional activities," "refused medical attention," and "harassed and ridiculed."

The defendant filed a motion for summary judgment, claiming that the prior adjudications in favor of Reimherr and Rafferty barred this action, under the principle of nonmutual issue preclusion, or nonmutual collateral estoppel. Restatement (Second) of Judgments § 29 (1982).[1] The motion was supported by records of the earlier action and an affidavit. The plaintiff filed nothing in reply. According to the plaintiff's brief (there is nothing in the record to substantiate what the brief says, but the point is not dispositive), when the motion came on for hearing, the judge called on the plaintiff first and asked her why the motion should not be granted. She addressed the court and was eventually cut off. When counsel for Westwood Lodge rose to reply, the judge indicated that no reply was necessary. The motion was granted, and judgment was entered on April 10, 1986.

---

[1] The principle of § 29 was recognized by both the majority and the dissenting justices in *Home Owners Fed. Sav. & Loan Assn.* v. *Northwestern Fire & Marine Ins. Co.,* 354 Mass. 448, 455, 457 (1968), and subsequently applied in cases such as *Maher* v. *General Motors Corp.,* 370 Mass. 231, 234 (1976), and *Fidler* v. *E. M. Parker Co.,* 394 Mass. 534 (1985). Indeed, as between employer and employee, this doctrine is quite old in Massachusetts. *Giedrewicz* v. *Donovan,* 277 Mass. 563 (1931).

On April 30, 1986, the plaintiff filed a document styled a motion for reconsideration, in which she named seven people, including Reimherr and Rafferty, for whose conduct she wished to hold Westwood Lodge liable, in an attempt to show that she was not suing on the same cause of action which had been decided adversely in the 1984 action. This was denied, apparently without hearing, on May 1. The plaintiff has appealed.

*The Summary Judgment Motion.*

The original grant of summary judgment was correct. On the face of the complaint, the plaintiff was attempting to hold the hospital vicariously liable for the conduct she had complained of in 1984: that she had been injected with Haldol, confined at Westwood Lodge, denied patient privileges, therapy, and medical attention, and humiliated. She had pressed these claims against Reimherr and Rafferty and lost. Since the agents were not liable, the hospital could not be vicariously liable. *Giedrewicz* v. *Donovan,* 277 Mass. 563 (1931). The defendant having thus shown that there was no issue for trial, the burden shifted to the plaintiff to come forward to show that there was a genuine issue for trial which was not barred by the prior action. *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 554 (1976). She did not do so. The claim that the judge should have required the defendant to argue the motion first has no merit. A judge has discretion to determine the order of arguments on motions, just as he has discretion to determine the order in which evidence is received at a trial. See *Cushing* v. *Billings,* 2 Cush. 158, 159-160 (1848); *Horowitz* v. *Bokron,* 337 Mass. 739, 742 (1958); *Finance Commn. of Boston* v. *McGrath,* 343 Mass. 754, 768 (1962). Insofar as the appeal raises the correctness of the order allowing the motion for summary judgment, no error is shown.

*The Motion for Reconsideration.*

By the time the so-called motion for reconsideration was filed, judgment had entered. The period for a motion for a new trial or for a motion to amend the judgment had passed. Mass.R.Civ.P. 59(b) & (e), 365 Mass. 827-828 (1974). In this posture, the motion could only be treated as a motion for relief from judgment under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974). Such a motion is addressed to the discretion of the judge. *Berube* v. *McKesson Wine & Spirits Co.,* 7 Mass. App. Ct. 426, 429 (1979). *Chiu-Kun Woo* v. *Moy,* 17 Mass. App. Ct. 949 (1983). In determining whether to exercise his discretion to reopen a case that had gone to judgment, the judge could appropriately take into consideration the realistic prospect of the plaintiff's succeeding in her action. *Berube* v. *McKesson Wine & Spirits Co., supra* at 430. See *Beshear* v. *Weinzapfel,* 474 F.2d 127, 132-133 (7th Cir. 1973). Some of the grievances listed in the motion plainly could not form a basis for holding Westwood Lodge liable (those based on the alleged actions of Reimherr and Rafferty, for example, which

would be barred by the earlier action, and those based on the alleged actions of Dr. Samet, who, the motion indicated, was not in 1983 affiliated with Westwood Lodge). Others seemed possibly tenable in theory but realistically improbable of success (for example, the allegations that Dr. Katz was guilty of libel for statements made in the petition for involuntary commitment of the plaintiff, or that Dr. Marion refused the plaintiff admission to certain group therapy sessions, or that Mr. Bentley, an attorney, "lied to me . . . [and] lied to the Bar Counsel and on the witness stand in Superior Court when I was trying to question him"). The judge could take into account that the plaintiff had already had one full opportunity to try the core allegations of her complaint against Westwood Lodge's assistant medical director (Reimherr) and had lost. He could similarly weigh against the plaintiff, despite her pro se status, her failure to raise the allegations of the motion for reconsideration in timely response to the motion for summary judgment. *Mas Marques* v. *Digital Equipment Corp.*, 637 F.2d 24, 28-30 (1st Cir. 1980). In the circumstances we do not find the "clear showing of an abuse of discretion" required to overturn a ruling on a motion under rule 60(b). *Murphy* v. *Administrator of the Div. of Personnel Admn.*, 377 Mass. 217, 227 (1979).

*Judgment affirmed.*

*Doris M. Gifford,* pro se.
*Linda G. Leffert* for the defendant.