Turcotte, P.J.
The plaintiff alleged that he fell on a foreign substance on the defendant’s premises and was injured on December 2, 1982. The case was entered in the District Court Department on January 4, 1984 and the defendant did not file a claim for a jury trial. On January 11, 1985, the defendant filed a motion to implead a third party and the motion was denied. After trial on December 2,1985, the judge awarded the plaintiff $503,957.00, and judgment entered April 18,1986. The defendant timely filed two motions for a new trial and the motions were denied. On May 20,1987, the defendant filed a motion for reconsideration of his motions for new trial[1] and a motion for relief from judgment on the grounds that eleven months after judgment the plaintiff returned to work and was capable of playing golf two to four times a week, and has an eight handicap.
The defendant claims error of law in the judge’s denial of the motion to implead. The defendant also claimed errors in the admission into evidence of deposition testimony of a witness, the denial of requests for rulings,the denial of motions for new trial, the denial after reconsideration of the motions for *194 new trial and the deniál of a motion for relief from judgment.
We find no error on the part of the judge in denying the motion to implead a third party defendant under the provisions of Rule 14, Dist./Mun. Cts. R. Civ. P.[2] The rule allows the defendant to implead without leave if the third party complaint is filed within twenty days after service of the defendant’s answer. On occasion, diligent preparation will not disclose the possibility of a third party action until that deadline is passed and in those instances the court will grant leave as of course. MRCP Reporter’s notes. We do not have that case here. The defendant had a written maintenance contract with an indemnity agreement.[3] The defendant had to be fully aware of the third party defendant well before the twenty day deadline, yet the motion was filed on January 11, 1985 more than one year after the complaint was filed. Use of Rule 14 is appropriate in situations of indemnity, however a motion to implead can be denied as untimely. The report does not indicate that it was denied here other than in the exercise of sound judicial discretion.
The defendant argues that portions of a deposition of a fellow employee were admitted in evidence in error because admitted over objection that they were irrelevant to the events of December 2,1982. The admitted evidence was a statement that an oily substance was present in the same area of the plaintiffs fall three days before his fall. The report does not establish that the defendant requested a report. Rule 64, Dist./Mun. Cts. R. Civ. P. requires that the party who seeks review must in addition to objection request a report within five days of the hearing of all evidence. In addition, the judge could find the evidence relevant to notice and knowledge of the substance, or that it had been present long enough that the defendant should have known about it. Evidence is relevant if it tends to establish the issue or provides a link in the claim of proof. Poivier v. Town of Plymouth (1978), 374 Mass. 206, 210. There was n'o error in admitting the deposition testimony.
The requests for rulings were correctly denied by the judge. They each raise the issue of whether the evidence and the reasonable inferences that can be drawn support the findings of negligence on the part of the defendant.[4] They also raise the issue whether there was evidence of the cause of the plaintiffs injury. The reported facts are that the plaintiff backed atruck up to the indoor loading dock of the defendant’s shopping mall. Because the platform of the truck was lower than the loading platform he left twelve feet between the loading platform and his truck in order to open the doors. The plaintiff prepared for a delivery, turned and slipped on an oily substance causing his injury. The area of the fall was described as on the right side of the dock near the dumpster. There was testimony describing the location of the substance by a loading dock worker, but there was no testimony as to distance from the dumpster. Deposition testimony of another driver described an oily substance present near the dumpster three days before the plaintiffs fall. It was seven feet by four feet in size and 1 /4” thick. The defendant had hired a contractor to sweep and hose down the platform area on a regular basis and on call. Trucks were known to drip fluids in the area in front of the loading platform. The judge could properly infer that an oily patch had been present for three days and the defendant should have known it. Oliveri v. Massachusetts Bay *195 Transp. Authority (1973), 363 Mass. 165. As to the cause of the injury, a neurosurgeon testified that the fall caused the back injury and the judge could believe that testimony.
There was no error by the judge in his denial of the defendant’s two motions for a new trial. A motion for a new trial in the District Court Department is governed by Dist./Mun. Cts. R. Civ. P., Rule 59. It provides: “A new trial may be granted — for newly discovered evidence, for mistake of law injuriously affecting substantial rights of the moving party, or for any other reason for which the court may deem necessary a new trial to prevent a failure of justice.” Defendant’s first motion for a new trial was filed on April 25, 1986, and it was grounded on a claim that certain findings of the judge were in error. We do not review questions of fact found by the trial judge where supported by any reasonable view of the evidence. Edwards Inc. v. Fields (1976), 371 Mass. 891. The facts set out above and found by the judge do not support any claim that his view of the evidence was unreasonable. The second ground in the first motion was a claim that the “verdict” was against the weight of the evidence. This same ground was repeated in the second motion filed on the same day and we discuss it below. The second motion repeated the ground that the findings were wrong, and that there was insufficient evidence to warrant a finding of negligence. A further claim in this motion was a claim that notice to admit facts and response thereto was admitted into evidence in error. The record however does not support the latter claim in anyway and the issue was not argued orally or briefed. We treat it as waived. Finally in this second motion the defendant claims the finding and judgment contrary to the weight of the evidence and highly excessive on the issues of disability, pain and suffering, loss of earning capacity, medical prognosis and expected end result.[5] The report indicates a forty year old man received a herniated disc that required surgery in the past, and further surgery is contemplated. He was still receiving pain medication at the trial and had pain in his back and hips. He incurred medical expenses and was totally disabled at the time of the trial- The fact that he had received a lump sum settlement of a workers’ compensation claim and had received $55,300.00 does not indicate the judge’s award of damages was in error. “In principle excessive or inadequate damages constitute one form of a verdict contrary to the weight of the evidence.” Bartley v. Phillips (1942), 317 Mass. 35. A motion to grant a new trial on the ground that the damages are excessive should not be granted unless on a survey of the whole case as it appears to the judicial conscience and judgment that otherwise a miscarriage of justice will result. Bartley v. Phillips, supra at 41. The rule which is applicable to a verdict is also applicable to a judge’s finding. Goldstein v. Sansoucy, 25 Mass. App. Dec. 112, 114. We do not find a miscarriage of justice when the court made his findings and award of damages. It is common knowledge that people suffer a range of difficulties as a result of back injuries. The judge who saw and heard the plaintiff and medical testimony is in the best position to make the proper award for the injury in this case. -
The defendant has argued forcefully that the judge incorrectly valued the loss ofplaintiffs earning capacity. The Restatement (Second) of Torts, section 913A states the Massachusetts rule: “The measure of a lump sum award for *196 pecuniary losses arising from a tort is the present worth of the full amount of the loss of what would have been received at the later time”. See Griffin v. General Motors Corp., 380 Mass. 362 (1980). The defendant states $272,000.00 at interest close to 6 percent annually would net the plaintiff his pre-injury annual salary to infinity, and speculates that this was the intent of the judge, and thus he committed error. We see nothing in the report to support this conclusion. The judge’s supplemental findings set out below indicate he expected the plaintiff to return to work at some time with limited capabilities. It appears the judge applied the correct rule, anticipated what the plaintiff would have received at a later time and reduced that sum to its present worth of $272,000.00. In finding the full loss before reduction, the judge could consider that a forty year old man would receive promotions and increases in salary as his experience with his employer increases. In finding the full loss, he can consider inflation which seems to be constant in our economy. ■
The dissent finds the judge committed error, stating that the judge set an amount of lost wages without evidence. There was evidence that the plaintiff had been totally disabled for close to four years at the time of trial and that further surgery was contemplated. We hold that the inferences required to find lost wages in the future can be made; the judge did so; and applied the correct law.
The motion to reconsider the motions for a new trial was treated by the judge as based on excessive damages now based upon newly discovered evidence.[6] The judge heard evidence and made findings that the plaintiff had returned to work on March 20, 1986, in employment similar to his previous employment, received similar pay, and now owned and operated his own business with similar pay. He also was playing golf two to four times a week and had played fifteen times that year. He found no fraud committed on the court. The judge stated — “In addition, in review of the measure of damages used by the court to make its findings on damages the court did not allow damages for total and permanent disability during the life expectancy of the plaintiff but allocated damages on a period of total and permanent disability, a period of partial disability and finally residual pain and suffering based on the medical evidence before it. Insofar as the element of damage based on lost wages the court did not compute this settlement of damage case on the defendant being unable to work until sixty-five years of age but recognized that in all likelihood the defendant would undertake some form of gainful employment within his limited physical capabilities.” Since it was filed more than ten days after judgment, such a motion must be considered a motion for relief from judgment. Gifford v. The Westwood Lodge Corporation (1987), 24 Mass. App. Ct. 920, 922. If treated as grounded on newly discovered evidence it was too late as set out below. If treated as a Dist./Mun. Cts. R. Civ. P., Rule 60(b)(6) motion for “any other reason justifying relief’ it is addressed to the sound discretion of the judge. Gifford v. Westwood Lodge Corporation, supra. The judge’s statement indicates that he did consider the newly discovered evidence and was not persuaded that a new trial be granted. The ability to play golf and a return to work are indications of recovery, however those events do not negate partial disability. They are not a forecast for the future. While the plaintiff returned to pre-injury like employment, we note he now does less rigorous work, and while his level of accomplishment in golf is substantial we don’t know his previous level or whether he will be able to continue. The report does not indicate the judge made any error here. He was in the best position to *197 assess this new evidence.
The defendant filed a motion for relief from judgment oh the grounds of newly discovered evidence.[7] A motion under Rule 60(b)(2), Dist./Mun. Cts. R. Civ. P. must be made within one year after judgment, and this motion was filed more than one year after judgment and was properly denied.
Report Dismissed.

 Although there had been filed two motions for anew trial, the motion for reconsideration was not made a part of the report, and we have assumed both were sought to be reconsidered.

 This rule is identical to Rule 14, MRCP and references to Reporters notes are to Rule 14 MRCP

 The agreement provides indemnity “against — all claims — recoverable from you by reason of the sole negligence of our employees or agents in connection with the performance of the services.”

 There were two requests. (1) As a matter of law the evidence is insufficient to warrant a finding favorable to the plaintiff. (2) As a matter of law, finding must be entered in favor of the defendant. Reasons: (a) There is no evidence that the defendant was negligent, (b) There is no evidence that the negligence of the defendant, if any, was the proximate cause of the injury to the plaintiff.

 The report of the trial judge reads in part as follows: The finding of the court as to damages was based upon three elements, which were: (1) medical and hospital expenses; (2) loss of earning capacity and (3) pain, suffering, and disability. The finding of $503,957.20 was determined as follows.
(1)Medical and hospital expense of $7,957.20;
(2) Loss of wages of $272,000 based upon earning capacity of $312.37 per week, or approximately $16,000 per year.
(3) Total, partial and residual disability of $224,000 including $78,000 of total disability for three years and remainder in partial disability and residual disability.

 The motion not part of the report was argued and briefed as a motion based on newly discovered evidence of fraud committed on the court.

 iie motion was not made a part of the report. It was treated by both parties in their briefs and ora! argument as a motion under Rule (50(b)(2), Dist./Mun. Cts. R. Civ. P. which is identical to Rule 60(b)(2) MRCP.