Wexler, James H., J.
The plaintiff, Ralph Dworman (“Dworman”) brought this action against his motor vehicle insurers St. Paul Fire and Marine Insurance Co. (“St. Paul”) and Federal Insurance Co. (“Federal”) seeking a declaratory judgment that either St. Paul or Federal must make underinsurance coverage available to him, and asking this court to appoint an arbitrator to resolve his underinsurance claim. On March 27, 2006, the court granted St. Paul’s motion for summary judgment and denied Federal’s motion for summary judgment. Federal has filed a motion for reconsideration of its cross motion for summary judgment and seeks an order from this court requiring that St. Paul share in the payment of the underinsurance claim. For the following reasons, Federal’s motion is DENIED.

FACTS

Dworman is the president of Ralphco, Inc. (“Ralphco”), a Worcester corporation that leased vehicles from Volvo Car Finance, Inc. for employee use. St. Paul insured the vehicles that Ralphco leased through a policy effective from September 1, 2000 to September 1, 2001 (“St. Paul Policy”). Ralphco is the named insured on the St. Paul Policy.
At all relevant times, Dworman and his wife, Nancy Dworman (collectively “Dwormans”) lived in Worcester, Massachusetts, and owned a vacation home in Ogunquit, Maine. While Dwormans now live in Maine, Dwormans’ Maine home was only a vacation home at the time of the accident. The Dwormans kept a Jeep Wrangler garaged at their Maine home. The only time Mr. Dworman drove the Jeep in Massachusetts was to move it from Massachusetts — where he had purchased it — to Maine. Federal insured the Jeep pursuant to a policy effective from June 19, 2000 through June 19, 2001 (“Federal Policy”). The Dwormans are the naméd insured on the Federal Policy.
On January 10, 2001, Mr. Dworman was involved in a motor vehicle accident in Worcester, Massachusetts, while driving a vehicle that Ralphco had leased from Volvo Car Finance, Inc. Dworman allegedly suffered personal injuries and damage to the motor vehicle as a result of the accident. The other party involved in the accident, Jerris Lee (“Lee”), did not own the vehicle he was driving at the time of the accident. The liability insurance available on the car Lee was driving was $20,000.00/$40,000.00; and Dworman asserts that the $20,000.00 available is insufficient to compensate him for his injuries. As a result, Dworman presented a claim for underinsurance benefits to St. Paul, which was rejected. Dworman filed a complaint on July 29, 2002, seeking underinsured motorist coverage from St. Paul, or, alternatively, Federal. In an order dated March 27, 2006, this court denied Federal’s motion for summary judgment and allowed St. Paul’s motion for summary judgment.

DISCUSSION

Federal claims that its conformity clause did not require the court to apply Massachusetts stacking rules to Federal’s Maine policy because Massachusetts does not require underinsurance coverage. St. Paul’s opposition is both procedural and substantive.

*720
I: FEDERAL’S MOTION FOR RECONSIDERATION IS UNTIMELY

St. Paul asserts that the motion is not timely. The court agrees. The motion is governed both by Rule 59 and Rule 60 of the Massachusetts Rules of Civil Procedure (Mass. Rules Civ. Proc. 59 and 60).
Motions for reconsideration of final judgments are governed by Rule 59. Id. Motions to alter or amend a judgment “shall be served not later than 10 days after entiy of the judgment.” (Mass. Rules Civ. Proc. 59(e).) The court’s original order denying Federal’s cross motion for summary judgment was entered on March 27, 2006. Federal’s motion for reconsideration of the court’s order on the cross motion for summary judgment was filed on March 22, 2007. This violates the provision of Rule 59 which stipulates that these motions must be served not later than ten days after the entry of a final judgment. See id.
Motions for reconsideration filed after the time for a motion to amend judgment or a motion for a new trial has passed are treated as motions for relief from a judgment. Grifford v. Westwood Lodge Corp., 24 Mass.App. 920 (Mass.App. 1987). Therefore, Federal’s motion for reconsideration is governed by Rule 60. See id. Rule 60 states, in part, that
. . . the court may relieve a party . . . from a final judgment order, or proceeding for the following reasons: . . . newly discovered evidence which by due diligence could not have been discovered in time... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons .. . [applicable here] . . . not more than one year after the judgment, order, or proceeding was entered or taken.
(Mass.RulesCiv.Proc. 60(b)). Thus, Rule 60 permits Federal to bring this motion for reconsideration.
But the one-year limit is the outermost boundary of the allowed filing time. Klessens v. Daly, 24 Mass.App. 920 (Mass.App. 1987). The filing must be done in a reasonable time. Filing this motion five days short of the deadline is not reasonable. Id. In Klessens, the court decided that filing a motion for relief only eleven days prior to the one-year expiration does not necessitate a finding that the motion was not made within a reasonable time. Id. But the trial judge did not abuse discretion in denying the plaintiffs’ motion. Id. Requests for motions for reconsideration must be made within a reasonable time. Commonwealth v. Clark, 67 Mass.App.Ct. 832, 834, 858 (Mass.App. 2006). The original summary judgment ruling was made on March 27, 2006. The motion for reconsideration was filed on March 22, 2007. This is only five days before the one-year expiration.
Rule 60 does allow motions for relief from a judgment proceed when there has been a discovery of new evidence which by due diligence could not have been previously discovered. Mass.RulesCiv.Proc. 60(b)(2)). Federal has presented an affidavit, dated January 24, 2007, indicating that the 1989 Jeep listed on the Federal policy was registered in Maine during the years 2000 and 2001. (Dep. Dworman 1, January 24, 2007.) Federal says that the time lapse is due to having to secure Dwormans’ deposition. Even so, there was a three-month delay between the deposition and the filing of the motion for reconsideration. This newly discovered evidence is something that should have been easily obtained long in the past.
Federal is also attempting to advance a new theory of liability, that both St. Paul and Federal should be liable for the insurance claim (the joint payment scheme). Motions for reconsideration which were filed long after allowing a motion for summary judgment and which attempt to advance an entirely new theory are not proper. See Vangel v. Fleet Mortgage Group, Inc., 2006 WL 1229712 (Mass.App.Ct. 2006).

II: POUCY CHOICE AND LAW

It is undisputed that there is a conflict between the two insurance policies. The Federal policy, a Maine policy, permits the stacking of insurance claims. The St. Paul policy, as a Massachusetts policy, prohibits stacking. See M.G.L. ch. 175, §113L(5). The question before the court is whether or not M.G.L. ch. 175, §113L(5) applies to the Federal policy. Several cáses cited by Federal, while illustrative, are not binding on this court.
Federal claims that M.G.L. ch. 175, §113 does not apply. Federal’s brief emphasizes the language “with respect to a motor vehicle, trailer, or semi-trailer registered in this state.” M.G.L. ch. 175, §113L(1). But the governing language of that sentence is that “no policy shall be issued or delivered in the commonwealth . . .” Id. The Federal policy was not issued in Massachusetts to a vehicle registered in Massachusetts. The policy was issued in Maine to a vehicle registered in Maine.
The applicable section of M.G.L. ch. 175, §113L is Section Five. Section Five prohibits the stacking of underinsured claims when an individual has the ability to collect from two or more policies. M.G.L. ch. 175, §113L(5). And this statute requires that the individual be paid with whichever policy provides the higher amount of coverage. Id.
The court has addressed this. An individual cannot be paid with multiple policies. He/she must be paid with the policy that provides a higher amount of benefits. Lumbermens Mut. Casualty Co. v. De Cenzo, 296 Mass. 692 (1986); Le Cuyer v. Metropolitan Property and Liability Ins. Co., 401 Mass 709 (1988); Murphy v. Safety Insurance Co., 429 Mass 517 (1999). Dworman—a resident of Massachusetts who was involved in a motor vehicle accident in Massachusetts—is entitled to whichever insurance policy is available and pays the highest amount. See M.G.L. ch. 175, §113L. The statute makes no mention of what state *721 the policy is from. Section one simply limits the application of the section to insurance policies issued or delivered in the commonwealth to vehicles, trailers, or semi-trailers registered in Massachusetts. See M.G.L. ch. 175, §113L(1). This fact pattern is not at issue in this case.
With regards to the application of Massachusetts law to outside insurance, there is no relevant Massachusetts case law. St. Paul has cited cases from other jurisdictions which illustrate that other states have applied state law to out-of-state-insurance policies. See Gillen v. United Services Auto. Ass’n, 200 So.2d 3 (Fla. 1974). It follows that it certainly is not unreasonable or contrary to Massachusetts law to apply state law to an out-of state insurance policy when the issue involves an accident in Massachusetts by a Massachusetts resident.
Application of Massachusetts state law to Federal’s underinsurance policy would rightfully alter the policy such that it no longer allows stacking of claims. This would enable the policy to comply with M.G.L. ch. 175, §113L.
The motion for reconsideration can be denied based upon the above law. As the Court has previously ruled, Federal’s conformity clause clearly instructs the court how to proceed. Federal’s policy is not permitted to be stacked with another claim when paid in Massachusetts to a Massachusetts resident. Federal is responsible for the entire underinsurance claim. Its policy provides the higher coverage. See M.G.L. ch. 175, §113L(5). See Lumbermens Mut. Casualty, 296 Mass. 692; see Le Cuyer, 401 Mass. 709; see Murphy, 429 Mass. 517.

ORDER

For the above reasons, Federal’s motion for reconsideration is DENIED.