**STATE of Indiana, Appellant–Defendant,**

v.

**Lindsey D. SCHMITT, Appellee–Plaintiff.**

No. 87A04–0903–CR–151.

Court of Appeals of Indiana.

Oct. 28, 2009.

Transfer Denied Jan. 14, 2010.

Mark K. Phillips, Boonville, IN, Attorneys for Appellee.

Gregory F. Zoeller, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

## OPINION

MATHIAS, Judge.

The Warrick Superior Court dismissed criminal misdemeanor charges against Lindsey Schmitt ("Schmitt") due to the State's failure to comply with court-ordered discovery. The State appeals and argues that the trial court erred when it dismissed the charges as a sanction for a discovery violation absent a showing of deliberate misconduct or bad faith. Concluding that the trial court did not clearly err when it dismissed the charges as a sanction for the discovery violation, we affirm.

### Facts and Procedural History

On March 18, 2008, Schmitt was charged with Class A misdemeanor operating a vehicle while intoxicated endangering a person, Class C misdemeanor operating a vehicle with a BAC between .08 and .15, and Class C misdemeanor operating a vehicle while intoxicated. A trial date was eventually scheduled for January 30, 2009.

On November 25, 2008, Schmitt filed Interrogatories and Request for Production of Documents, and, in response, the State filed a motion for a protective order. On January 5, 2009, Schmitt filed a motion to compel. The trial court held a hearing on the motions on January 16, 2009. That same day, the trial court issued an order granting the State's motion for a protective order with regard to the interrogatories, but denying the State's motion with regard to the request for production. The trial court ordered the State to respond to Schmitt's request for production by January 23, 2009. Appellant's App. p. 31. In her request for production, Schmitt asked for the following:

(1) Any and all information as to when the arresting officer went to the Indiana State Police Academy, or attended training regarding administration of traffic stops.

(2) Produce any and all certificates and/or other information supporting the documentation as to when the officer was last trained in the administration of standardized field sobriety tests.

(3) Produce any and all information supporting the documentation as to what NHTSA manual the arresting officer uses and was trained under.

Appellant's App. pp. 17–18.

Due to inclement weather, Schmitt's January 30, 2009 trial was continued and

the parties were ordered to appear on February 27, 2009, to reset the trial date. On February 3, 2009, Schmitt moved to strike the arresting officer's testimony and/or dismiss the charges against her because the State had not complied with the court's January 16, 2009 order. The trial court held a hearing on the motion on March 10, 2009.

After hearing the testimony of the arresting officer and the arguments of the parties, the trial court stated:

> My ... sense of all of this is that the Prosecutor may not have used as much diligence as they could have in getting this information. And what this whole situation exemplifies, I think, is a dispute between the State Police and the Prosecutor's Office and the Prosecutor's Office and the defense attorneys, and everybody is tied up in this dispute. Unfortunately, it's affecting individuals. It affects the Defendant. It affects the trooper. It affects the deputy prosecutor that has to argue and deal with these issues. And quite frankly, it just needs to stop.... [T]his doesn't serve any useful purpose. And it's going to end up in results that could or should be ... different.

> I really do not want to dismiss this case. I understand the position that Ms. Schmitt is in, and she shouldn't be in that position.... I've been doing this for over 30 years, and I've never seen so much paperwork trying to ... deal with discovery. And the heck of it is that after all of the motions, all of the things, we still don't have an answer to it. I still don't have the documents in hand that have been requested, and it still doesn't resolve the dispute of whose responsibility is it. Is it the Prosecutor if something goes wrong, or can they pass the responsibility on to the law enforce-

> ment agency? I don't know the answer....

> I guess I'm most bothered by the fact that the State just has not gotten this information. I mean, I think they are on track to getting it now with the letter, but I don't know why it took so long to figure out how to get on track, and I don't know if and when this information is going to be provided. But I'm extremely frustrated by this situation. It's just something that shouldn't have occurred. And the heck of it is, as I indicated earlier, I'm not sure if there's anyone in this room that's particularly responsible for it.

Tr. pp. 67–69. The trial court then dismissed the charges against Schmitt. The State now appeals. Additional facts will be provided as necessary.

### Discussion and Decision

■ The State argues that the trial court erred when it dismissed the charges against Schmitt for the State's discovery violation because there was no evidence of deliberate misconduct or bad faith. It is important to note our standard of review under circumstances like these.

A trial judge has the responsibility to direct the trial in a manner that facilitates the ascertainment of truth, ensures fairness, and obtains economy of time and effort commensurate with the rights of society and the criminal defendant. Where there has been a failure to comply with discovery procedures, the trial judge is usually in the best position to determine the dictates of fundamental fairness and whether any resulting harm can be eliminated or satisfactorily alleviated.... The trial court must be given wide discretionary latitude in discovery matters since it has the duty to promote the discovery of truth and to guide and control the proceedings, and will be

granted deference in assessing what constitutes substantial compliance with discovery orders. Absent clear error and resulting prejudice, the trial court's determinations as to violations and sanctions should not be overturned. *Lindsey v. State*, 877 N.E.2d 190, 195 (Ind. Ct.App.2007), *trans. denied* (quoting *Fosha v. State*, 747 N.E.2d 549, 553–54 (Ind. 2001), *overruled on other grounds by Gutermuth v. State*, 868 N.E.2d 427 (Ind. 2007)).

 If a remedial measure is warranted, a continuance is usually the proper remedy. *Id.* at 196. Where the State's actions were deliberate and the conduct prevented a fair trial, a more extreme remedial measure, such as the exclusion of evidence, may be employed. *Id.* Dismissal of charges is also a sanction within the arsenal of the trial judge in dealing with the failure of the prosecution to afford the defense access to evidentiary materials as ordered. *Robinson v. State*, 450 N.E.2d 51, 52 (Ind.1983). In determining whether dismissal was proper, the court should consider whether the breach was intentional or in bad faith and whether substantial prejudice resulted. *See id.* Furthermore, our court has noted "the seriousness with which we consider claims of prosecutors failing to supply defendants with discovery and the fact that we find such behavior unacceptable and troublesome." *Gardner v. State*, 724 N.E.2d 624, 628 (Ind.Ct.App. 2000), *trans. denied.*

 From the record, it appears that the trial court has been dealing with similar discovery disputes between the State and Schmitt's counsel in more than just the instant cause. In a footnote in its January 16, 2009 order the trial court noted, "[t]he information sought by the defendant is relevant and discoverable. This issue has previously arisen in another case and the court issued substantially the same Order as in this case." Appellant's App. p. 31. Moreover, during the January 16, 2009 hearing on Schmitt's motion to compel, another case in which the same issue had recently arisen was discussed. The trial court indicated that, as it had stated in the other cause, "if the State does not respond appropriately ... I'm looking at bad faith on the part of the State." Tr. of January 16, 2009 Hearing p. 11.

It was not until January 21, 2009, when the State sent a letter to the Indiana State Police requesting the documents Schmitt asked for in her Request for Production, a mere nine days before the scheduled trial date. On that same date, the State filed a Notice of Response to notify the defendant and the trial court that the State Police had indicated that the request could take several days "as it would have to be sent from the Indianapolis office." Appellant's App. p. 32. However, it does not appear that the State requested the information of the arresting officer. In fact, the arresting officer testified that he sent his NHTSA manual to Indianapolis to be copied after the request was made from the State Police. Tr. of March 10, 2009 Hearing pp. 41, 46, 52.

As the trial court noted, the State was less than diligent in complying with the court's January 16, 2009 order.[1] Even though the State had been warned that failure to respond would be considered bad

---

1. The State relies on *Carter v. State*, 512 N.E.2d 158 (Ind.1987) in support of its argument that Schmitt "failed to meet the extremely high burden she must achieve before being entitled to a dismissal." Appellant's Br. at 7. However, the facts of this case are distinguishable from those in *Carter*. Our supreme court observed that dismissal of the charges was not warranted in *Carter* because much of the delay was attributable to the vast amounts of discovery sought by Carter. The record shows that the prosecutor con-

faith, the State still had not provided the requested documents to Schmitt on the date the trial court dismissed the charges. Moreover, the misdemeanor charges had been pending against Schmitt for almost one year on the date they were dismissed. Under these facts and circumstances, we conclude that the trial court did not clearly err when it determined that the State's discovery violation warranted dismissal of the charges against Schmitt. *See State v. Montgomery,* 901 N.E.2d 515, 523 (Ind.Ct. App.2009), *aff'd on reh'g at* 24 Mass.App. Ct. 920, 507 N.E.2d 1057 ("In light of the State's pattern of failure in complying with Montgomery's discovery requests and the trial court's orders, we do not find clear error in the trial court's grant of Montgomery's motion for discharge.").

Affirmed.

DARDEN, J., and ROBB, J., concur.

scientiously attempted to respond on a timely basis, but much of the information was in the custody of other police and state agencies outside the county in which the case was tried. While these other agencies responded slowly, much of the problem was caused by the fact that Carter had filed civil suits against them and their attorneys had to oversee the provision of any information to Carter. *Id.* at 171. Moreover, the court noted that Carter received the information sought more than two months before trial. *Id.*